## AVERY BREED *v.* PURVIS, WOOD & CO.

One who has received a sum of money on deposit, cannot plead compensation against the depositor by a debt which did not arise from the deposit. C. C. 2927.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *J. Ad. Rozier*, for plaintiff. *Bonford* and *Finney*, for defendants. The judgment of the Court (*Eustis*, C. J., absent,) was pronounced by

ROST, J. The plaintiff, *Avery Breed*, sues upon the following receipt: "New Orleans, 11th January, 1849. Received from *Dr. J. J. Henderson*, for *Avery Breed, Esq.*, one thousand and twenty-one dollars, which we hold subject to *Mr. Breed's* order." (Signed) PURVIS, WOOD & CO."

The defendants first plead the general issue. But on the day of the trial, they filed an amended answer, alleging that at the time the receipt bears date, *Breed* was a partner of the commercial firm of *Hand* and *Breed*, which firm is largely indebted to them, and that he is personally liable for the debts of the firm. They pray to be authorized to retain the sum claimed by way of offset. There was judgment against them, and they appealed.

It is urged in behalf of the appellants, that the deposit made by *Henderson* in this case, was what is termed in law, an irregular deposit; that under art. 2934, C. C., such deposits produce no legal effects, and that article 2927, which prohibits the retention of things deposited, by way of offset, exclusively applies to cases in which a real deposit is shown. This view is inconsistent with the theory of compensation under the civil law : compensation was there considered as an equitable remedy, and never took place where it would have been against good conscience. Pardessus Droit Commercial, vol. 2, No. 325. Merlin Rep. *verbo* Compensation, parag. 2, No. 11. *Nolan* v. *Shaw*, 6th Ann. 46— Opinion of Mr. Justice Slidell.

In conformity with this principle, under the laws of Rome, compensation never took place in cases of confidential contracts, and the maxim *in causa depositi compensationi locus non est*, was considered as applicable to deposits of all kinds.    We take this to be the law here at the present day.

The articles of the code, which prohibit compensation in cases of deposit and of loan for use, are instances of the general rule, and not the rule itself.  Whatever may be the true meaning of article 2934, it is undeniable, that irregular deposits are made every day, and that however irregular they may be, they are still confidential contracts, which the depository cannot be dispensed from executing without a breach of good faith.  This was clearly the view taken by the defendants, down to the very day of the trial.    *Hand* wrote to them that he would try to get *Breed* to authorize them to credit the firm with the amount of the deposit.  But it seems *Breed* would not consent, and although the defendants pressed the firm so hard, that *Hand* remonstrated, saying that their complaints were mortifying to him, they kept, to the last, *Breed's* money distinct from the partnership transactions.   The only reason that can exist, why it nowhere appears in their accounts, is that, in their own opinion, it would have been inequitable to appropriate it to themselves.    Being still under that impression when this action was instituted, their only defence was a general denial.  Their subsequent plea of compensation was an after-thought, and is untenable, as after-thoughts usually are in courts of justice.

It is ordered, that the judgment in this case be affirmed, with costs.