BOGERT, WILLIAMS & CO. *v.* JOHN EGERTON.

Defendant held a sum of money belonging to W., and refused to pay it over, under wholly unfounded pretences, for three years, when he acquired a protested note on which W. was endorser—which he pleaded in compensation of the debt due to W. *By the court:* The allowance of the plea, under all the facts of the case, would be subversive of that good faith upon which the doctrine of compensation reposes.

APPEAL from the Sixth District Court of New Orleans, *Cotton* J. *Durant & Hornor*, for plaintiffs. *Benjamin, Bradford & Finney*, for defendant and appellant.

SPOFFORD, J. (MERRICK, C. J., absent.) The evidence satisfies us that the defendant received and disbursed and collected money for *Wilkinson* in a highly confidential capacity. He styled himself "Treasurer" of a company to which *Wilkinson* belonged, and whose members were interested in a single joint adventure.

On the 22d October, 1850, he stated the balance due by him in this fiduciary capacity, to *Wilkinson*, as the final result of the adventure, at the sum of $685, for which amount, with interest, the District Judge gave judgment in favor of the plaintiffs, who are assignees of *Wilkinson.*

But, instead of paying the money over then to the party for whom he held it, as he should have done, the defendant kept it, under pretence of a set-off, which was a legal impossibility, according to his own statement of the facts; an off-set which he has not attempted to insist upon in this suit.

But it served as an excuse for keeping the money three years, when he acquired a protested note, long past due, on which *Wilkinson* was endorser, by which he now pretends his debt to *Wilkinson* has been extinguished through the operation of law.

We concur with the District Judge, in thinking that the allowance of the plea, under all the facts of the case, would be subversive of that good faith upon which the doctrine of compensation reposes.

The authorities cited sustain the judgment.

*Bloodworth* v. *Jacobs*, 2 An., 25; *Nolan* v. *Shaw*, 6 An., 46; *Breed* v. *Purvis, Wood & Co.*, 7 An., 35; 2 Pardessus, Droit Com., § 325.

The judgment is therefore affirmed, with costs.