## Thomas S. Morgan *v.* C. C. Lathrop.

The defendant, who was a private banker, being sued for a cash deposit made with him by the plaintiff, pleaded, by way of reconvention, that he had credited the amount on a protested draft of the plaintiff in his favor for a larger amount. *Held:* That plaintiff and defendant being both residents of New Orleans, and the reconventional demand not being connected with plaintiff's original demand, proof of the reconventional demand was properly rejected.

Conceding the answer to be equivalent to a plea in compensation, the defence could not be sustained, because, under our jurisprudence, as now settled by frequent decisions, compensation does not take place in the confidential contracts arising from irregular deposits of this nature.

The depositary is not authorized to apply the funds on deposit in his hands to the payment of the debts of the depositor, except there is a special mandate from the depositor, or a course of dealing which will justify such application of the funds.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Beajamin, Bradford & Finney,* for plaintiff. *M. M. Cohen,* for defendant and appellant.

Merrick, C. J. The plaintiff sues the defendant for $615 39, it being the balance of cash on deposit with the defendant, on the 24th day of May, 1853, as a private banker, conducting business under the style of "Insurance and Banking Agency."

Defendant reconvenes, and, admitting that there was that amount in his hands to the credit of petitioner, alleges that he indorsed (credited) it on a bill of exchange dated 23d day of March, 1853, payable thirty days after date, to the order of defendant, for fourteen hundred dollars, and drawn on *George Nichols,* of Shreveport, La., and protested for non-payment. The defendant claims judgment for the balance due upon the draft, after crediting the balance on deposit in favor of the plaintiff.

On the trial, the defendant offered the testimony of *O. P. Miller* and others to prove the facts set forth in his answer and plea in reconvention, and that, having received the money sued for, as a banker, according to the custom of banks and bankers, he had a right to withhold the same on account of debts held by him against *Morgan.*

We are not prepared to say that the Judge erred in excluding this testimony. There was no allegation in the answer that there was any particular custom in New Orleans more favorable to banks and bankers than other persons holding money on deposit, and the witnesses appear to have been offered to express an opinion on plaintiff's case. Both plaintiff and defendant being residents of New Orleans, the reconventional demand not being connected with plaintiff's original demand, could not be maintained, and proof of the same was properly refused. But if it be conceded that the answer is equivalent to a plea in com-

MORGAN
v.
LATHROP.

pensation, still we think the defendant must fail in his defence. For whatever might be the opinion of the court, were the question presented for the first time under Article 2934 of the Civil Code, we think it must now be considered as settled law, in the confidential contracts arising from irregular deposits of this nature, that compensation does not take place, and that the depositary is not authorized to apply the funds on deposit in his hands to the payment of the debts of the depositor, except there is a special mandate from him, the depositor, or a course of dealing which will justify such application of the funds. See *Breed* v. *Purvis, Wood & Co.*, 7 An. 35, and *Bludworth* v. *Jacobs*, 2 An. 25; 10 Rob. 200; and *Bogart, Williams & Co.* v. *Egerton*, 11 An. 73.

The conclusion arrived at by this court in the cases cited, is in conformity with those of Toulier and Marcadé on Article No. 1293 of the Napoleon Code, which is identical with Article 2207 of our own code. This Article declares that compensation does not take place against a demand for the restitution of a deposit or a loan for use.

The argument is briefly this: under the Roman law and the former law of France, (and the same may be said of Louisiana,) compensation did not take place in the case of an irregular deposit. Legis. 24 and 25, Dig. 16, 3; Pothier on Obligations, sec. 625. The Article ought to be understood as embracing the principle of the Roman law as to irregular deposits, because, as it is not possible that compensation can take place in the case of the regular or special deposit, it is but reasonable to suppose that the law-giver was not formally prohibiting that which was impossible, but, on the contrary, that he was prohibiting something which, without the prohibition, might easily happen. For example, if a suit be brought to recover a specific thing, as a watch, or a packet of notes enclosed, or a sealed box of coins, the action is for the identical thing deposited, and it partakes of the nature of an action in revendication. C. C. 2932, 3189.

It is obvious that compensation cannot be pleaded against an action of this kind, because compensation can only take place where a sum of money or a quantity of consumable things is demanded. On the other hand, in the irregular deposit, it is not expected that the identical thing deposited will be returned, but only an equal quantity of other things of the like kind. There is then, in the nature of things, nothing which prevents compensation from taking place in the case of the irregular deposit, where the plaintiff, from other causes, owes the defendant an equal sum of money or quantity of consumable things as those demanded of the depositary, except the confidential relation in which the depositary stands towards the depositor. It is, therefore, but reasonable to conclude that the Legislature intended to prohibit compensation from taking place in the irregular deposit on account of the confidential nature of the contract. See Pothier on Obligations, No. 625; 7 Toul. No. 385; 4th Marcadé, Art. 1293, No. 830.

The force of the argument is somewhat weakened from the fact that compensation is also prohibited in the case of the loan to use, the *commodatum*. As compensation cannot take place in this kind of contract any more than in the special deposit, it may be replied that the Legislature might as well be understood to prohibit the one as the other, particularly as Article No. 2934 has declared that the only real deposit is where the depositary receives a thing to be preserved in kind, without the power of using it, and on the condition that he is to restore the identical thing.

If, however, compensation in the case of the irregular deposit is not prohibited by Article 2207 of the Civil Code, then that portion of the Article cited is entirely meaningless and absurd.

Although the case is not free from difficulty, on the whole we conclude that the judgment of the lower court ought to be affirmed.

Judgment affirmed.