### VINCENT & CO. *v.* J. GANDOLFO.—B. A. DRYER, Garnishee.

Compensation rests upon good faith.

An assignee, for the purpose of distributing a fund which is the common pledge of one's creditors, cannot offset his own debt (the character and terms of which he does not disclose) against a portion of the common fund thus entrusted to him.

The fund is liable to attachment in his hands at the suit of the creditors of the assignor.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*Charles A. Taylor*, for plaintiff and appellant. *Emerson & Huntington*, for garnishees.

SPOFFORD, J. The plaintiffs have appealed from a judgment discharging the garnishee, *Dryer*, on his answers.

He acknowledges that he had funds in his hands belonging to the debtor, *Gandolfo*, to an amount sufficient to satisfy the claim of plaintiffs, but under the following circumstances, which he contends authorize him to compensate what he has against a debt due him by *Gandolfo*. He says that "on the 8th November, 1856, the said *Gandolfo*, on condition that his creditors should give him a discharge from the debts and obligation which he owed to them respectively, conveyed and assigned to said creditors certain rights, chattels and effects. *Judah Hart and respondent were appointed assignees to receive and dispose of said property, and distribute the avails among the creditors pro rata.* The property was sold by *Messrs. Blache & Leaumont*, and the proceeds, amounting to $2460 53, *were paid into our hands*. Of this amount the sum of $470 50 has been applied by us to the payment of privileged creditors of said *Gandolfo*, leaving a balance *in our hands for distribution* of $1989 05. Attachments to the amount of $1400 have been laid on said money in the hands of said *Hart* and myself in the following suits, &c., and the balance

respondent says he is entitled to retain to satisfy his claim against said *Gandolfo*, amounting to about $720. Respondent further says that said *Hart*, having declined to act any further *as one of the assignees* aforesaid, delivered up to *respondent the possession of said money ; respondent is ready to distribute the same as soon* as the attachments aforesaid are removed." It is stated in the printed argument of appellee's counsel that the creditors did not accept the assignment.

Under these circumstances it is apparent that the respondent got and retains the money only in a fiduciary and confidential capacity. He styles himself an assignee for the purpose of distributing a fund which is the common pledge of *Gandolfo's* creditors. To offset his own debt (the character and terms of which he does not disclose) against a portion of this common fund intrusted to him for a specific purpose would be a violation of good faith, and compensation rests upon good faith. The case of *Bogart, Williams & Co.* v. *Egerton*, 11 An. 73, is in point. See also the recent case of *Morgan* v. *Lathrop*, ante, 257.

It is ordered, that the judgment of the District Court be avoided and reversed; and it is now ordered and decreed that the plaintiffs, *Vincent & Co.* do have judgment against the garnishee, *B. A. Dryer*, for the sum of four hundred and twenty dollars and eighty-two cents, with five per cent. interest thereon from December 29th, 1856, until paid, and the costs of suit in both courts.