## No. 6448.

WILLIAM B HANCOCK vs. CITIZENS' BANK OF LOUISIANA.

Repeated adjudications in the jurisprudence of this State have placed beyond the domain of further controversy the principle that "compensation does not take place in the confidential contracts arising from irregular deposits, such as the deposit of money with a banker, and the depositary is not authorized to apply the funds on deposit in his hands to the payment of the debts of the depositor, except there is a special mandate from him."

APPEAL from the Superior District Court, parish of Orleans. *Lynch, J.*

J. H. Ferguson, and Merrick, Race & Foster, for Plaintiff and Appellant :

First—Compensation does not take between depositor and depositary, when the debt due by the depositor is on an account distinct from the deposit. C. C. 2956 ; 7 An. 637 ; 3 An. 516 ; 12 An. 257 ; 23 An. 116 ; 11 An. 73 ; C. C. 2210.

Second—The claim of Defendant is not liquidated. It is for a sum alleged to have been paid in error, which Plaintiff denies. Defendant *must prove that he paid through error.* C. C. 2302 ; C. P. 18. It is a disputed and unliquidated claim, which can, in. no case, be pleaded in compensation. 8 M. 399 ; Rogron on art. 1291, N. C.

Armand Pitot for Defendant and Appellee :

Defendant, in Plaintiff's Deposit-Account, gave him credit *by error* for a sum he had deposited. She has proved the fact conclusively, and she had the right to prove it. 2 Ark. 113, 119 ; 2 Bro. C. C. 62 ; 3 Austr. 769 ; 4 Res. Jun. 118 ; 6 Ves. Jun. 485 ; 1 Salk, 482 ; 4 Johns. 387 ; Morse on Banks and Banking, p. 48 ; 3 Pick. 96 ; 11 La. 261 ; 2 An. 1007.

The Authorities which establish the rule that compensation does not take place between depositor and depositary do not apply to this case, because the claim of the Bank is for money *not deposited* by Plaintiff. The relation between the parties is that of debtor and creditor, as established by the jurisprudence of the State, and compensation does take place between them. The new deposit-account of Plaintiff was only the continuation of the old one.

The opinion of the Court was delivered by

FENNER, J.   In 1869 the Plaintiff kept a deposit-account with the Citizens' Bank.   On the 8th of April in that year he carried his Bank-book to the Bank for the purpose of having the same balanced.   It was balanced by the Bank, and a certain sum was carried forward to his credit as the result of the balancing.   For this amount he drew to a point, and thus closed his account with the Bank ; and had no further dealings with it as a depositor until two years afterward, in 1871.

The Bank avers that about one month after the settlement of plaintiff's account in 1869, it discovered, in settling up the account of H. H. Hansell, another depositor, that a sum of seventeen hundred and thirty 35-100 dollars, which had been deposited by the latter on April 8th, 1869, had been erroneously credited to the account of plaintiff, and was included in the balance found to his credit and paid to him on that day, so that he thereby received the said amount in excess of what was really due to him.

The Bank, after discovering the alleged error, made no effort to communicate the discovery to plaintiff, and made no call upon him to correct and set right the error.

In 1871, two years afterward, plaintiff procured a new bank-book and opened a new deposit-account with the Bank.   He was still not informed by the Bank of the alleged error in the settlement of his former account, but was left in ignorance of any claim against him, until his new deposits had reached an amount sufficient to cover the alleged over-payment, when the Bank debited his account with the amount thereof, notified him, for the first time, of the alleged error, and, after paying him all of the new deposits except the sum of seventeen hundred and thirty 25-100 dollars, retained that amount in satisfaction of the

alleged over-payment. Plaintiff drew his check for the said amount, payment of which was refused, and the check was protested. Plaintiff then brought this suit to recover the balance due on his new deposit-account.

The Bank, in its defense, does not dispute that the old deposit-account of 1869 had been settled between the parties, a balance struck by the proper officers of the Bank itself, and the whole account closed to a point by payment of the exact balance then entered as due.

It does not deny that the deposit-account of 1871 was opened on a new bank-book, which had no entry of any thing carried forward from any old account, which made no reference to any old account, and which could, in no sense, be regarded as a continuation of the old account.

The Bank does not dispute that the plaintiff actually made all the deposits which appear on the Bank-book of 1871 as having been made. It does not deny that of those deposits there remains a sum of $1730 25 which plaintiff has not drawn out, and which has not been paid to him. It does not pretend that the debit charged against this amount was so charged by plaintiff's direction, or upon his order, or with his assent. The Bank simply claims that this balance of deposit has been compensated by the debt which became due from plaintiff to it in 1869 by reason of an alleged payment in error then made to him, and is thus extinguished by operation of law.

Repeated adjudications in the jurisprudence of this State have placed beyond the domain of further controversy the principle that " compensation does not take place in the confidential contracts arising from irregular deposits, such as the deposit of money with a banker, and the depositary is not authorized to apply the funds on deposit in his hands to the payment of debts of the depositor, except there is a special mandate from him."

Morgan vs. Lathrop, 12 An. 257.

Breed vs. Purvis, 7 An. 53.

Bludworth vs. Jacobs, 2 An. 25.

Bogert vs. Egerton, 11 An. 73.

Murdock vs. Bank, 23 An. 116.

It is perfectly plain that there was no mandate, express or implied, from plaintiff, to authorize the application of his deposits in 1871 to the extinguishment of the debt claimed by the Bank as growing out of the over-payment in 1869. The claim of the bank also violates the doctrines laid down in the well-considered case of Nolan vs. Shaw, 6 An. 46, where it was held that "in the absence of agreement to the contrary, a factor " (and a banker as well) "is to be considered as undertaking to hold the funds confided to him by his principal, subject to his order, and to be ready to pay them over to him on demand.   *   *   Compensation

-does not take place against a party who has confided his funds to ·another under such circumstances. Compensation must rest upon the basis of good faith. It is not permitted where its operation would ·involve a deception and a disappointment of the just expectation and ·confidence of the party against whom it is set up."

In the case at bar, we are constrained to say that the conduct of the ·bank in concealing from plaintiff its discovery of the error alleged, and permitting him, in ignorance of any claim against him, to open a new ·deposit-account and continue it until he had got hold of enough money to satisfy its claim, did not come up to the standard of candor and good faith required in dealings of this nature. It "involved a deception," and justified plaintiff in the "expectation and confidence" that his deposits in 1871 would be subject to his order, without which we cannot believe he would have made them. The Bank had no right to disappoint this just expectation and confidence, by suddenly springing upon its depositor this claim of which he had been kept in ignorance. It was the plain duty of the Bank to have notified the plaintiff of the error in its former settlement as soon as discovered, or at the first possible opportunity.

Suppose the Bank had so notified him and made the claim, and plaintiff had, as he does, disputed and refused to recognize it, he would probably not have commenced the new deposit-account. But, even if he had made the new deposits, under such circumstances, and the bank had received them without notifying him of its intention to apply them to the payment of its disputed claim or having his assent thereto, we think it could not have made such application, because it would hold them subject to his order, and would know that such application would be against his will and desire.

The suggestion of defendant's counsel, that the whole transaction, from 1869 down, is to be treated as one continuous account, and, as such, to be balanced as a whole, making allowance for the error claimed, cannot be entertained, because it ignores the complete settlement and closing of the account of 1869 which left the Bank no right against the plaintiff except an action for the recovery of money paid in error; and because it also ignores the entire independence of the account of 1871 resulting from its being opened in a new bank-book without the slightest reference to, or connections with, past transactions.

The conclusion reached by us, that compensation did not take place, dispenses us from considering the questions raised as to the admissibility of evidence to contradict the bank's settlement of the Bank-book, or as to the liquidated character of the Bank's demand, or as to the sufficiency of the proof thereof. The Bank's remedy was clearly by original action, or, as plaintiff was a non-resident, by a demand in recon-

vention.    This decree does not affect its rights to proceed by proper·
action.

We find no authority to justify us in treating this plea in compensa-·
tion as a demand in reconvention and giving judgment on it as such.

It is therefore ordered, adjudged and decreed that the judgment
appealed from be annulled avoided and reversed, and that plaintiff·
have judgment against defendant in the sum of seventeen hundred and
thirty 25-100 dollars with legal interest from judicial demand and for·
costs of the lower court and of this appeal.