(76 South. 179)

No. 22044.

PEOPLE'S BANK IN LIQUIDATION v.
MISSISSIPPI & LAFOURCHE
DRAINAGE DIST.

(June 30, 1917.)

*(Syllabus by the Court.)*

1. BANKS AND BANKING ☞80(5)—SET-OFF AND COUNTERCLAIM ☞22(1)—INSOLVENCY OF BANK — "COMPENSATION" — RIGHTS OF THIRD PERSONS.

Compensation takes place, between two debts, by mere operation of law, as soon as they exist simultaneously to the amount of their respective sums, but only when the debts are equally liquidated and demandable, and it cannot take place to the prejudice of the rights of a third person; hence, after the declared insolvency of a bank, compensation cannot take place between a debt due by the bank to a depositor and an unmatured debt due by the depositor to the bank, or between such debts when the latter matures during the liquidation of bank; for, at the moment of the declared insolvency, the unmatured debt of the depositor to the bank is not demandable; and from that moment until the liquidation is completed, the debts due the depositors by the bank become subject to a new liquidation, the rights of all the creditors being fixed by the insolvency and the distributive shares which may be, or may become, due them, respectively becoming dependent upon the total amount realized from the assets of the bank as compared with the total indebtedness and the expense of the liquidation.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 189; Set-Off and Counterclaim, Cent. Dig. §§ 26–30, 34–37.

For other definitions, see Words and Phrases, Compensation.]

2. BANKS AND BANKING ☞80(5)—INSOLVENCY—RIGHT OF DEPOSITOR—COMPENSATION.

There is express law upon the subject of the extinguishment of debts by compensation, and hence no occasion or authority for resorting to equity; but, if it were otherwise, there is no principle of equity which entitles a person who is, at once, a depositor in, and a borrower from, a bank, to be made whole, in the event of its insolvency, by the plea of compensation, when the other depositors stand to lose the entire amounts deposited by them.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 189.]

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Charles T. Wortham, Judge.

Action by People's Bank in Liquidation against Mississippi & Lafourche Drainage District. From a judgment rejecting defendant's plea, defendant appeals. Affirmed.

George Seth Guion, Dist. Atty., of Napoleonville, for appellant. Pugh & Lemann, of Donaldsonville, for appellee.

Statement of the Case.

MONROE, C. J. This case was submitted and decided in the district court, and has been submitted here upon the following admissions:

"It is admitted that the People's Bank, in liquidation, went into liquidation on July 14, 1914, and is now under administration by the state banking department, and that two dividends have been declared and paid to the depositors. It is admitted that the certificate of indebtedness sued on was not due on July 14, 1914, and did not become due until March 1, 1915. It is admitted that defendant, Mississippi & Lafourche Drainage District had on deposit with plaintiff bank on July 14, 1914, the sum of $1,993.26. It is further admitted that the defendant tendered to the liquidator in payment of said certificate of indebtedness the said amount of $1,993.26, on deposit with said bank, on March 1, 1915, and cash for the difference, which tender was refused on the ground that the said deposit could not be used as an offset against the amount due by defendant."

It is conceded in the argument that the state examiner of state banks, proceeding under the authority of Act 300 of 1910, on July 14, 1914, took possession of all the assets of the defendant, as those of an insolvent bank, and that its liquidation, as such, has been in progress since that time; and it appears from the petition that the claim sued on is for $3,500, less $398.64, representing the two dividends accruing to defendant and applied by the bank in part payment of that claim.

The question then is, Should defendant's plea that its debt to the bank is compensated, in part, by the debt which the bank owes it, on account of the deposit, be sustained or rejected? The judge a quo was of opinion that it should be sustained, but in deference to a contrary ruling by the Court of Appeal, First

Circuit, in a similar case, rejected it. Defendant has appealed.

## Opinion.

[1] There is to be found in the Civil Code a section of ten articles devoted to the subject of compensation, and containing, with others, the following provisions (article 2208): That compensation takes place between two debts "as soon as they exist simultaneously, to the amount of their respective sums." That (article 2209) compensation takes place only between two debts "which are equally liquidated and demandable. The days of grace are no obstacle to the compensation." That (article 2210) "compensation takes place whatever be the causes of either of the debts, except in case: 1. * * * 2. Of a demand of restitution of a deposit and of a loan for use. 3. * * *" That (article 2215) "compensation cannot take place to the prejudice of the right acquired by a third person. * * *" Under the title "Of Deposit and Sequestration," we find provisions to the effect that (article 2926) "a deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind." That (article 2941) "if the thing be of the nature of those which are consumed by use, and the depositor has given permission * * * to use them, the contract is no longer a deposit, but [is] a loan for consumption, and becomes subject to the rules which govern that contract." That (article 2963) "the distinction * * * between the imperfect and the perfect deposit, is abolished. The only real deposit is that where the depositary receives a thing to be preserved * * * without the power of using it, and on the condition that he is to restore the identical object." Article 2893 defines the "loan for use" as "an agreement, by which a person delivers a thing to another, to use it according to its natural destination, or according to the agreement, under the obligation on the part of the borrower, to return it after he shall have done using it."

It seems evident, then, a deposit of money in bank, such as that here in question, and as is the common practice, is not a deposit within the meaning of the Code, and equally evident that it is not a loan for use.

In Bloodworth v. Jacobs et al., 2 La. Ann. 24, it was held that the course of business between a factor and his principal implied "two species of contracts, of loan and of irregular deposit, or rather, * * * partakes, in some respects, of both." And it was held that the debt due by the factor, for the proceeds of the principal's crop, was not necessarily compensable.

In Breed v. Purvis, Wood & Co., 7 La. Ann. 53, it was held that a contract, between individuals, similar to the ordinary contract between a depositor and a bank, though it was, or might be, an irregular deposit, was nevertheless of the character regarded by the Roman law as confidential, and that, under that law, debts arising from such contracts could not be compensated by debts not so arising.

In Seixas v. Citizens' Bank, 38 La. Ann. 432, referring to a discount of notes the proceeds of which were placed by the bank to the credit of Carriere, as a deposit, the court said:

"Such a deposit cannot be compensated by a previous debt without the consent of the depositor, and here there was no consent. This principle is well settled. [Dupre v. McCright] 6 La. Ann. 146; [Breed v. Purvis] 7 La. Ann. 53; [Morgan v. Lathrop] 12 La. Ann. 257; [In re Lewis' Estate] 32 La. Ann. 590."

It will be observed that, in the cases thus cited, the questions arose in attempts to compensate debts arising from what were said to be deposits, or irregular deposits, with debts of an ordinary character; but in Beatty, Syndic, v. Scudday, 10 La. Ann. 404, the defendant, as in this case, pleaded the debt due him on account of a deposit in bank in

compensation of a debt due by him to the banker, and represented by a promissory note, which upon the insolvency of the banker had not matured. The main opinion was delivered by three of the members of the court (Slidell, C. J., being absent, and Spofford, J., handing down a concurring opinion based upon somewhat different grounds. The case is stated in the main opinion as follows:

"The plaintiff, representing the creditors of Prosper Marchais, is the holder of the defendant's note for $735, dated January 1, 1851. The defendant had a claim of $883.70 against Marchais for that amount, deposited by the defendant with Marchais on the 29th of May, 1851. Marchais was, at the time of the deposit, a private banker, * * * and was the holder of defendant's note, made payable to his (Marchais') order one year after date. Marchais absconded in June, 1851, before the maturity of defendant's note, leaving a letter which was discovered a long time afterwards, in which he makes a transfer to the defendants of his note, now sued on, to cover the deposit. The note was not delivered up, and the defendant, being now sued on it, pleads the amount of this deposit in compensation. * * * The question now is whether the syndic has a right to recover from defendant the whole amount of his note, and, leaving the defendant to come in and receive his dividend with the other creditors for the deposits, or whether the defendant's plea should be sustained and his note declared to be compensated and extinguished by the amount of the deposits."

Answering the argument of plaintiff's counsel, that the debt sued on could not be compensated by that due the defendant, by reason of the deposit, the court took the view that, when the lawmaker declared that "compensation takes place * * * except in case * * * of demand of restitution of a deposit and of a loan for use," he intended to favor the depositor, and meant that the demand of the depositor should not be met by the plea of compensation, based upon an ordinary debt due by the depositor, and did not mean that the depositor should not plead the debt arising from the deposit in compensation of an ordinary debt due by him. It is said in the main opinion:

"There can be no doubt that the defendant would have had the right if sued by Marchais, to have pleaded compensation by way of exception"

—and at another place:

"Marchais himself could not have recovered on the note sued on in opposition to the plea of compensation set up, and the syndic of his creditors is equally without right to maintain this action."

Mr. Justice Spofford, concurring in the judgment, expressed his view as follows:

"I think it manifest that compensation never took place by * * * operation of law, which is the only species of compensation treated of in the Civil Code. It seems to be conceded by the parties that both debts are liquidated. But the fact that one of them was an irregular deposit, whilst the other was an ordinary debt, was an obstacle to their mutual extinguishment by the effect of the law. C. C. 2207 [now 2210], 2927 [now 2956]; Bloodworth v. Jacobs and Breed v. Purvis, Woods & Co., supra; C. N. 1293; 4 Marcadé, No. 830. But, for the purpose of avoiding a circuity of actions and speeding the administration of justice, the courts allow another species of compensation, styled 'compensation facultative' by the French civilians, and 'compensation by way of exception' with us."

And he cites an illustration from Marcadé and goes on to say:

"In like manner, one who makes an irregular deposit of money, when sued by his depositary for an ordinary debt, may waive the exception introduced in his favor by the law, and say to the plaintiff, 'Take the money I have deposited with you and pay yourself.' * * * But can the defendant exercise this option after the failure of Marchais, whereby his assets, including the note sued on, vested in the mass of the creditors for the purpose of distribution? * * * On the one side, we meet the general rule of our law that the rights of the creditors are fixed by the failure, and therefore no one in the concurso should be allowed to profit at the expense of the others by his own voluntary act after the insolvency is judicially declared.

"On the other hand, it seems inequitable that a creditor, who is at the same time a debtor of the insolvent should be deprived, by the failure, of the benefit of any pleas which he might, at his option, have urged against the insolvent himself before the commencement of the insolvent proceedings."

At another place in the opinion, the learned justice says that the "compensation by exception is not retroactive, but takes effect only from the filing of the plea."

We have dwelt somewhat upon the cited

case for the reasons that defendant's counsel seem to rely on it, and it is more in point than any that we have found or to which we have been referred. But the opinion of the court cannot be said to cover entirely the questions which were there, and are here, at issue. The question whether the two debts there involved were equally liquidated and demandable is not mentioned in the main opinion, and Mr. Justice Spofford, concurring in the judgment says that "it seems to be conceded by the parties that both debts are liquidated," but he expresses no opinion of his own upon that point, or upon the question whether the debts were equally demandable, and, in the end, rests his concurrence upon the ground that:

"It seems inequitable that a creditor, who is at the same time a debtor of the insolvent, should be deprived, by the failure, of the benefit of any pleas which he might, at his option, have urged against the insolvent himself before the commencement of the insolvent proceedings."

We now pretermit the other questions suggested by the law and jurisprudence to which we have referred and concede, arguendo, that a deposit, as defined by the Civil Code, may be other than as there defined, and that an irregular deposit may be pleaded in compensation of a debt when the debt could not be pleaded in compensation of the deposit; and we confine our inquiry to the questions whether the two debts involved in this case were equally liquidated and demandable, and whether it is inequitable to deny to a depositor the right to compensate a debt due by him to an insolvent estate with the debt due to him by the estate on account of his deposit, and, upon those questions, we quote from the able opinion of the Court of Appeal, First Circuit, in the case of this same bank against Donaldsonville Hotel Company, involving the identical issues here presented, and to which our learned Brother of the district court refers in his opinion in this case, as follows:

"These two articles of our Code [2208 and 2209] make it a requisite for the legal operation of compensation that the two debts not only exist simultaneously, but that they be equally liquidated and demandable. In other words, they exclude the idea that one debt, which is due and exigible, can legally be compensated by one which is only due at some future time, or that one debt which is liquidated may be compensated by one which is unliquidated. It then becomes necessary in the present controversy to inquire: First, whether the two debts were simultaneously in existence; and, second, if they did coexist whether they were, at the time of their simultaneous existence, equally due and demandable. It is clear that, when the bank went into liquidation, the claim upon which it sues was neither due nor demandable, and therefore that compensation could not then take place by the mere operation of law, and it seems to us equally clear that, when the debt sued on became due and demandable, neither could compensation take place by mere operation of law, for the reason that the debt pleaded in compensation was no longer liquidated or fixed in amount and demandable.

"The moment the plaintiff bank was declared insolvent and its affairs placed under the control of the state examiner of state banks for liquidation, defendant was no longer entitled to the entire amount of his claim, but only to its distributive share or proportion of the assets of said insolvent bank as the liquidator might recover, and at such time as the liquidator might be able to make an equitable and legal distribution of those assets, at which time only its pro rata would become due and demandable.

"It, therefore, appears to us that compensation could, at no time, have taken place, and that the plea thus advanced by the defendant cannot be sustained under our law. We feel fortified in this interpretation by the fact that any other construction of the language in the Code would lead to an unjust and inequitable result. It would virtually be giving a preference and paying a premium to depositors who might be indebted unto it, as every dollar recovered in compensation by such debtor depositor, in excess of his distributive share of the assets of the bank, would reduce those assets to the detriment of other depositors, in contravention of article C. C. 2215, which declares that compensation cannot take place to the prejudice of the rights acquired by a third person. * * *

"There is an unanimity of opinion among the French commentators to the effect that, if, at the time both debts become due and exigible, one of the debtors has become bankrupt, such debtor loses the administration of his property, has no longer the faculty of paying his debt to the detriment of his other creditors, and that compensation, which is only a fictitious payment, cannot take place. See Huc Commentaire du Code Civil, vol. 8, p. 202, par. 156; Laurent, Droit Civil, vol. 18, p. 427, par. 413;

Duranton, Droit Francais, vol. 12, p. 524, par. 437, 438; Larombiere, Théorie et Pratique des Obligations, vol. 5, p. 318, par. '6.'"

[2] We have only to add to the foregoing that the sole authority for an appeal to equity which the law of this state contemplates is conferred by article 21 of the Civil Code, as follows, to wit:

"In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity"

—that in this matter, there is express law, and, even if that were not the case, that we know of no principle of equity which would entitle a person who is at once a depositor in, and a borrower from, a bank to be made whole by the plea of compensation, in the event of the insolvency of the bank, while other depositors, who are not borrowers, stand to lose the entire amounts deposited by them.

Judgment affirmed.

LECHE, J., takes no part.