DERBES v. BLACHE ET AL.

(April 1, 1929. Opinion and Decree.)

Edrington and Carmouche, of New Orleans, attorneys for plaintiff, appellee.

Titche, Kiam and Titche, of New Orleans, attorneys for defendants, appellants.

JONES, J. Plaintiff sues J. Henry Blache in his capacity as a real estate agent for the return of $1,000.00, unpaid balance of a sum which had been deposited on October 9, 1925, by plaintiff to bind a contract for the purchase of a certain lot in this city. The impossibility of enforcement of the contract is alleged to have been caused by the fact that the offer to purchase was made by plaintiff to himself and is therefore worthless. The allegation is also made that defendant, on October 27, 1925, returned $1,000.00 of this deposit.

The surety on the bond of defendant was also made a party to the suit, but as he was never served he disappears from the case.

After filing exceptions of prematurity and no cause of action, which were overruled, defendant answered, admitting his receipt from plaintiff of $2,000.00 as a ten per cent cash deposit in his capacity as a real estate broker. He also admits that the property was never transferred and that he paid on October 27, 1925, $1,000.00 to plaintiff, but he asserts that this was a loan and not a return of part of the deposit.

After making the above admissions, defendant makes a reconventional demand or plea in compensation and prays for judgment against Derbes in the sum of $1,700.00, consisting of two items, as follows:

First, he avers that it had been orally agreed that the lot was to be sold to one Rosenberg for $22,500.00, and that he was to be paid a commission of four per cent of the selling price, which sum, amounting to $900.00, was to be deducted from the deposit here in contest.

Second, he claims that he was entitled to a commission of four per cent on the sale immediately involved herein, which would amount to $800.00, thus making his total of $1,700.00.

In addition to the above, he asserts various other claims, amounting to $4,521.60, and asks for an accounting thereon.

When this answer was filed Derbes filed a rule to show cause why judgment should not be rendered in favor of plaintiff on the petition and answer, and why the reconventional demand should not be stricken out, because it did not grow out of and was in no wise connected with the main demand, as this suit was brought by a depositor against a depositary, and the relation was one of principal and agent, and no plea in compensation could be allowed.

The trial judge made the rule absolute and ordered the reconventional demand or plea in compensation stricken from the answer and gave judgment for $1,000.00.

The only question before this court is the correctness of this ruling.

In addition to the facts above stated, we gather from the pleadings the following facts:

On October 9, 1925, the defendant entered into an oral agreement with plaintiff, by which plaintiff and defendant were to work together in a proposed real estate transaction. Plaintiff agreed to make an offer to purchase, through defendant, a real estate broker, from Rieth, the owner, a lot of ground on Pontchartrain Boulevard in this city, for $20,000.00 cash. Accordingly, defendant had Rieth sign the acceptance of the intended offer and the promise to pay a four per cent commission in blank. Then defendant filled out the blank offer and had plaintiff sign it.

Through error, this offer was made on the form of plaintiff, and therefore it now reads an offer made by Derbes to himself, and the name of J. H. Blache does not appear in it. The pertinent parts of the agreement, which is filed in the record, read as follows:

"New Orleans, La., 10/9/25.
"To P. J. Derbes,
"Realtor,
"City.
"Dear Sir:

"I hereby offer the sum of Twenty Thousand ($20,000.00) Dollars cash for the ½ Unit (42 lots) situated on West End Shell Road * * *

"Immediately upon acceptance of offer by owner I bind myself to deposit with you a ten per cent of the purchase price and to take the property at the above terms, if a good and valid title can be given. * * *
"PURCHASER'S SIGNATURE
"(Signed) P. J. Derbes

"I the owner of the above property accepts the above offer and agrees to pay to P. J. Derbes Four Per Centum (4%) for services rendered. I further agree to furnish a good and valid title and bind myself to pay the specified commission.
"OWNER'S SIGNATURE
"(Signed) Frank Rieth, Jr.,
"4 per cent."

Failing to note the error in the above document, plaintiff deposited the $2,000.00 on October 9, 1925, to bind the sale.

Rieth later refused to take any further steps, evidently regarding the offer as a nudum pactum, and on October 27, 1925, defendant paid back to plaintiff the sum of $1,000.00. Shortly thereafter plaintiff in this suit filed in the Civil District Court a suit against Rieth for specific performance, but he subsequently abandoned the case and the suit was dismissed.

Then defendant filed suit against Rieth for his commission of $800.00 on the above contract. In this suit there was judgment against Blache and he appealed devolutively to this court, where the matter is still pending.

When Derbes, the intending purchaser, dismissed his suit against Rieth, the tentative contract above outlined (if it ever had any validity, which is doubtful) became unenforceable, and we fail to see, therefore, how Blache, whose name does not appear in the contract, can possibly secure any commission from Rieth, when one of the essential parties to the contract has admitted its invalidity.

As there is no reference to any proposed sale to Rosenberg, and as all contracts with reference to sales of real estate must be in writing, we do not see how that agreement can be connected with the demand made herein. Here plaintiff and defendant agreed to go into a real estate transaction together, and plaintiff deposited $2,000.00 to bind the contract. As the contract has proved unenforceable, plaintiff demands the return of his money from his agent. This was a fund dedicated to a special purpose and that purpose having failed, the money should be returned, unless there is some special instruction or agreement changing the or-

dinary rule that compensation can not be pleaded between depositor and depositary.

The pertinent part of Article 375 of the Code of Practice reads as follows:

"In order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different from the main demand, be, nevertheless necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises. * * *"

In the case of Fagot vs. Porche, 7 La. Ann. 562, the Supreme Court said:

"The absence of all connection between two demands is an insurmountable objection to a demand in compensation or reconvention."

Article 2956 of the Civil Code states that the depositary cannot withhold the thing deposited on pretense of a debt due to him distinct from the deposit. Article 2209 says debts are compensable only when they are equally liquidated and demandable.

In Hancock vs. Citizens Bank, 32 La. Ann. 592, Justice Fenner uses the following language:

"Repeated adjudications in the jurisprudence of this State have placed beyond the domain of further controversy the principle that 'compensation does not take place in the confidential contracts arising from irregular deposits, such as the deposit of money with a banker, and the depositary is not authorized to apply the funds on deposit in his hands to the payment of debts of the depositor, except there is a special mandate from him.' Morgan vs. Lathrop, 12 La. Ann. 257; Breed vs. Purvis, 7 La. Ann. 53; Bludworth vs. Jacobs, 2 La. Ann. 25; Bogert vs. Egerton 11 La. Ann. 73; Murdock vs. Bank, 23 La. Ann. 116."

In Breed vs. Purvis, Wood & Co., 7 La. Ann. 53, the Supreme Court held that "one who has received money on deposit cannot plead compensation against the depositor for a debt which did not arise from the deposit." On this point see, also, the following cases:

Bogert vs. Egerton, 11 La. Ann. 73;
Vincent vs. Gandolfo, 12 La. Ann. 526;
Gordon vs. Muehler, 34 La. Ann. 606.

Defendant in his brief quotes various cases decided by the Supreme Court in its early days, some of them before the Code of Practice was adopted. We do not consider these decisions applicable here, as none of them go to the extent required to sustain defendant's position, and the limitations of Article 375 of the Code of Practice have been more clearly set by the later decisions as quoted above.

For above reasons the judgment is affirmed.