No. 790

First Circuit

---

EICHER-WOODLAND LUMBER CO., INC.,
v. BAILEY ET AL.
(OPELOUSAS ST. LANDRY BANK &
TRUST CO., Garnishee)

---

(May 5, 1931. Opinion and Decree.)
(June 16, 1931. Rehearing Refused.)
(July 17, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

---

L. L. Perrault, of Opelousas, and W. C. Perrault, of Opelousas, attorneys for plaintiff, appellee.

Dubuisson & Burleigh, of Opelousas, attorneys for defendant, appellant.

ELLIOTT, J. Eicher-Woodland Lumber Co., Inc., a judgment creditor of T. J. Bailey and R. L. Bailey, in solido, in the sum of $1,652.90, with interest and attorney's fees thereon, issued a writ of fieri facias, and, by means of garnishment, seized, in the hands of Opelousas St. Landry Bank & Trust Co., Inc., the sum of $615.31, the property of R. L. Bailey. After some further proceedings not mentioned because without bearing on the present issue, it ruled the garnishee into court to show cause why the $615.31 should not be ordered paid to the sheriff for application on its said writ against R. L. Bailey.

The bank, responding, showed that it was the owner and the holder of a past-due note executed and signed by R. L. Bailey, R. L. Bailey, Jr., and H. A. Bailey, in solido, for $1,000, with interest and attorney's fees thereon, subject to a credit of $100 paid September 2, 1930; $55 paid October 1, 1930, and $75 paid December 1, 1930, leaving the balance unpaid.

That the $615.31 was on deposit in the bank to the checking account of R. L. Bailey, and, at the time the interrogatories were served, the obligation of the bank to pay same had been extinguished, com-

pensation having taken place, paying the note to the extent of the amount on deposit.

The facts are not in dispute. The question is, Was the obligation of Opelousas St. Landry Bank & Trust Co., to pay said $615.31 to the depositor R. L. Bailey, extinguished by compensation in favor of the bank as holder of said past-due note at the time of the service of the interrogatories on the bank herein? The bank contends that it was. Eicher-Woodland Lumber Co., Inc., contends that it was not.

The lower court held in favor of the seizing creditor, citing Raymond v. Palmer, 41 La. Ann. 432, 6 So. 692, 17 Am. St. Rep. 398; Gordon & Gomila v. Muchler, 34 La. Ann. 604; Hancock v. Citizens' Bank of Louisiana, 32 La. Ann. 590; Case v. Cannon, 23 La. Ann. 113; Morgan v. Lathrop, 12 La. Ann. 257; Breed v. Purvis, Wood & Co., 7 La. Ann. 53; Bloodworth v. Jacobs, 2 La. Ann. 24; and Derbes v. Blache, 10 La. App. 424, 121 So. 366.

The bank appealed, and contends that the ruling was erroneous.

The bank puts the question thus: "May a bank plead, in compensation of a customer's general deposit, such customer's past-due note?"

The appellant, after citing us authorities from 7 C. J. 653; Baundry Lacantinerie et Barde, Des Obligations t 3 I re Partie No. 1856; Durnford v. Seghers' Syndics, 9 Mart. (O. S.) 470; People's Bank v. Mississippi & Lafourche Drainage District, 141 La. 1009, 76 So. 179, and some other authorities, takes the position that, as a general depositor in a bank is only a creditor of the bank, who may check at will, no reason exists why a bank should not be able to avail itself of the compensation provided for in the Civil Code, art. 2208.

The interesting and well-reasoned argument of the able counsel for the bank has caused us to see, as we have not heretofore done, the doubt which exists as to the status of a depositor and depositary under the Civil Code of 1870, title 13, chap. 2, sec. 4 (article 2960 et seq.), applied to the checking account of a customer in a bank. The bank would liken their relations to that which exists between lender and borrower in a loan for use under Civil Code, art. 2911 and article 2941. There seems ground for the bank's contention, but as against the position, we find what we take to be a well-beaten path, which we feel we should follow.

The cases support the holding put forward in Breed v. Purvis, Wood & Co., 7 La. Ann. 53, to the effect that a bank, in a situation like the present, cannot set up the compensation provided for by Civil Code, arts. 2207 and 2208. The court said, speaking of the claim that compensation had taken place: "This view is inconsistent with the theory of compensation under the civil law; compensation was there considered as an equitable remedy, and never took place where it would have been against good conscience"—citing authorities.

In the case Bogert, Williams & Co. v. John Egerton, 11 La. Ann. 73, the court said, in holding against the claim: "The allowance of the plea, under all the facts of the case, would be subversive of that good faith upon which the doctrine of compensation reposes." Similar reasons were given in Gordon & Gomila v. Muchler; Hancock v. Citizens' Bank; Murdock v. Citizens' Bank, 23 La. Ann. 116; Mor-

gan v. Lathrop, cited in the opinion of the lower court.

In the case Thomas, etc., v. Marine Bank & Trust Co., 156 La. 941, 101 So. 315, it was held that a checking account could not be taken by the bank in which it had been made, and set off as extinguished, without the consent of the depositor. We quote from the syllabus:

. "Bank cannot apply funds on deposit to payment of debts of depositor without agreement to that effect, nor can they be set off against depositor, especially where depositor is another bank which has become insolvent, requiring collection in due course of liquidation by bank examiner, and then only to extent of distributive share of assets."

In Thomas v. Marine Bank & Trust Co., reference is made to the decision in People's Bank in Liquidation v. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 So. 179, and the reason for the holding in that case.

In the present case, R. L. Bailey never consented for the garnishee, Opelousas St. Landry Bank & Trust Co., to have his deposit. It was seized while held by the bank for him, subject to his checks. Under the law, Civil Code, art. 2215, the situation could not be changed after service of the interrogatories on the bank.

The judgment appealed from is correct. Judgment affirmed.

Opelousas St. Landry Bank & Trust Co. to pay the cost occasioned by its claim of compensation in the lower court and the cost of appeal.