## WATKINS v. BANK OF MORGAN CITY & TRUST CO. et al.*

### No. 1421.

Court of Appeal of Louisiana. First Circuit.

June 14, 1935.

C. A. Blanchard, of Morgan City, for appellant.

Wise & Wise and J. Y. Gilmore, all of Morgan City, for appellees.

EDWARD T. WEEKS, Judge ad hoc.

The defendant bank having been placed in liquidation by the state officials early in December, 1933, as insolvent, the plaintiff, a depositor, was in due course in the liquidation tendered by the officers in charge, and in common with other depositors, and subject to further readjustment, a sum equal to 36 per cent. of his deposit. He was a debtor to the bank on notes, and claiming that the proposed settlement with him is incorrect, mainly because, he contends, the debt due from him to the bank upon the notes should first have been compensated against the deposit, and that he should then receive a settlement of 36 per cent. on the balance of his deposit. Plaintiff prays for settlement on this basis.

By consent, this case was consolidated for trial in lower court, separate judgments to be rendered in each, with the case of Geo. Williams Jr. v. the same defendant, and, from judgments against the plaintiffs, this appeal has been taken. The essential facts as set out in the petition, and as admitted, or proven on trial, are as follows:

Early in March, 1933, by order of the President of the United States, and of the Governor of this state, all banks, including the defendant, were placed on a re-stricted basis. Plaintiff then had on deposit in the bank, $1,489.91. From this, on the 4th of March, 1933, he withdrew approximately the permitted 5 per cent., or $81.53, so that after March 4th, there remained to his credit in said bank $1,408.38. He alleges, and the answer admits, that between that date and December 1st following, there matured notes of the plaintiff in said bank aggregating $630. These notes are in evidence and contain no provision authorizing the bank to offer or offset against any of the plaintiff's deposit in said bank to compensate the amount due on the notes.

On December 1, 1933, the state authorities placed the said bank in liquidation and the defendants herein were appointed to their respective officially named capacities. On the 6th of February, 1934, for the first time, so far as the record shows, plaintiff demanded of Mr. Girard, special agent, that his account in the bank in liquidation be corrected to conform with the figures based on the theory of the compensation having taken place, and which he then presented as a correct basis of settlement.

In due course of the liquidation, the defendant officials, after their appointment of December 1st, had credited all depositors, including this plaintiff, with a dividend equal to 36 per cent. of their deposit as of March 1, 1933, subject to further adjustment. A part of this credit was applied to a subscription by the depositors including Watkins, to shares of stock in a newly organized bank, and the balance is held to be finally applied as a payment from Watkins to the bank in liquidation on his said matured notes; this sum being not sufficient to pay the notes in full. It is to this method of liquidation that plaintiff objects as to his account in his above-mentioned letter and demand of the 6th of February, 1934. This demand was refused and the suit was filed.

The main issue, therefore, is as to whether or not his notes' were compensated as against his deposit, and, if so, what should be the resulting settlement.

█ It is well settled in this state that a bank cannot, without the express consent of the depositor, apply his funds on deposit to the payment of his debt to the bank. Gordon v. Müchler, 34 La. Ann.

264

604; Hancock v. Citizens' Bank, 32 La. Ann. 590, 592; Morgan v. Lathrop, 12 La. Ann. 257; Matthews, Finley & Co. v. Their Creditors, 10 La. Ann. 342; Bloodworth v. Jacobs, 2 La. Ann. 24, 25; Bogert, etc., Co. v. Egerton, 11 La. Ann. 73.

■ In Thomas, Bank Examiner, v. Marine Bank & Trust Co., 156 La. 941, 101 So. 315, the court cited and discussed the authorities upon this proposition and expressly reaffirmed it. True, in a number of the cases, the facts presented strong equities. However, this merely bears witness to the wisdom of the rule as it is announced in Civ. Code, art. 2210. It is likewise true that under the Negotiable Instrument Law as adopted in this state in 1904 (Act No. 64 of 1904) and since the earlier decisions, notes are extinguished "by any other act which will discharge a simple contract for the payment of money." Section 119, subd. 4. This has always been the law in this state, and the act merely declares the law as it previously existed. And while the act undoubtedly authorizes the compensation of a note as against any funds or debt which, in our law, can be applied in compensation, it does not make compensable as against a note, any bank deposit or other fund which is not permitted by law to be applied in compensation. The declaration in the Negotiable Instrument Law, in this respect, at least, merely states the law as it existed in this state prior to the act, and did not change it. The provision in the Civil Code, art. 2210, forbidding the applying of deposits in banks to compensate debts due by the depositor to the bank, unless the depositor so expressly agrees, is considered a protection to the depositors, and from this it is reasoned that he may waive its benefit.

In Re Canal Bank & Trust Co. (Intervention of Wainer), 178 La. 961, 152 So. 578, where the depositor's note contained the express consent of the maker and other parties that deposits in their name should stand applied to the payment of the note, and where the bank was solvent when the note became due, it was held, by reason of the waiver, that compensation took place as between the mutual debts when both were due, notwithstanding the proclamation of the President and of the Governor, and although the bank was upon a restricted basis. And except that it determined the effect upon the rule as to

compensation, of the fact that the bank was upon a restricted basis under the above proclamations, that case simply announced principles well settled in the jurisprudence of the state. It will be observed, however, that the court stressed the fact that the bank was solvent when the notes matured.

In Re Canal Bank & Trust Co. (Intervention of the Bank of Picayune), 179 La. 1018, 155 So. 760, the Wainer Case was simply reaffirmed. It will be noticed that there is no suggestion in these two cases that compensation between the debt and the deposit had taken place by reason of the banks being on a restricted basis, nor is it indicated that the proclamations had, or were intended, to deprive depositors of the protection afforded them by Civ. Code, art. 2210. On the contrary, the decisions rest upon the depositors' express waivers of this protective clause. See, also, First Nat. Bank v. Canal Bank & Trust Co., 181 La. 445, 159 So. 711.

So that in this case, had Mr. Watkins at any time after the maturing of his notes and previous to the insolvency of the defendant bank, authorized it to apply his moneys on deposit to the payment of the notes, and had the bank done so, probably such application would have been valid.

■ But this is not the question now presented. Plaintiff in no way authorized the application of his deposits to the payment of these notes until some three months after the bank had been placed in liquidation by the state authorities. The rights of the parties were then very different from what they had been while the bank was solvent. The question, therefore, is as to whether, after a bank has become insolvent, the depositor can demand such application of his deposit to the payment of his note. Evidently he cannot. In the above-cited case in 156 La. 941, 101 So. 315, the court said: "Bank cannot apply funds on deposit to payment of debts of depositor without agreement to that effect, nor can they be set off against depositor, especially where depositor is another bank which has become insolvent, requiring collection in due course of liquidation by bank examiner, and then only to extent of distributive share of assets."

The court cites People's Bank v. Drainage Dist., 141 La. 1009, 76 So. 179, in support of this principle in further support of

the doctrine that there is no equitable reason why one having money on deposit in a bank should be permitted to compensate it as against the money due by him to the bank when the bank is insolvent, and when other depositors would be prejudiced thereby. The court further says, 156 La. 946, 101 So. 315, 317: "And as the death of a debtor fixes the rights of the creditors as they exist at that moment, so the civil death or the insolvency of the People's Bank fixed the rights of all its creditors as they existed at the time the affairs of said bank were taken over for liquidation by the state banking department, and no subsequent act of the defendant bank has changed or could change the legal situation from what it then was."

■ The foregoing is in line with Dart (Gen. St.) § 558, which prohibits any bank or bank officer, after the insolvency of the bank, to make any transfer of any asset to the bank. In other words if the bank is put into liquidation, or is even insolvent, its assets become subject to the common claim of the creditors, except where pledges or special liens exist, and such assets must be liquidated fairly and the proceeds distributed as provided under the banking laws of this state.

Dart (Gen. St.), § 700, provides at length for the notices to and for the distribution to the depositors of what pro rata of moneys shall be fairly due to them in the liquidation. But it contains no suggestion that a depositor who has funds on deposit should for that reason be settled with under any rule different from that applying to other depositors.

Dealing with this question in People's Bank v. Mississippi & Lafourche Drainage District, 141 La. 1009, 1016, 76 So. 179, 182, the Supreme Court quoted and approved the following expression of the lower court, based on the decision of this court in People's Bank v. Donaldsonville Hotel Co., as follows:

"The moment the plaintiff bank was declared insolvent and its affairs placed under the control of the state examiner of state banks for liquidation, defendant was no longer entitled to the entire amount of his claim, but only to its distributive share or proportion of the assets of said insolvent bank as the liquidator might recover, and at such time as the liquidator might be able to make an

equitable and legal distribution of those assets, at which time only its pro rata would become due and demandable.

"It, therefore, appears to us that compensation could, at no time, have taken place, and that the plea thus advanced by the defendant cannot be sustained under our law. We feel fortified in this interpretation by the fact that any other construction of the language in the Code would lead to an unjust and inequitable result. It would virtually be giving a preference and paying a premium to depositors of the defunct bank who might be indebted unto it, as every dollar recovered in compensation by such debtor depositor, in excess of his distributive share of the assets of the bank, would reduce those assets to the detriment of other depositors, in contravention of C. C. article 2215, which declares that compensation cannot take place to the prejudice of the rights acquired by a third person. * * *"

Upon the authority of the above-mentioned cases, this court, in People's Bank & Trust Co. in Liquidation v. Louisiana State Rice Milling Co., 10 La. App. 401, 119 So. 779, held, that when the bank was placed in liquidation, it was civilly dead, was insolvent, and the rights of its creditors were fixed accordingly.

This court, in Eicher-Woodland Lumber Co., 17 La. App. 82, 134 So. 334, has held that compensation does not take place between a deposit in a solvent bank and the debt due to the bank by the depositor, when no consent by the depositor is shown. See, also, Lee v. First Nat. Bank, 18 La. App. 586, 139 So. 63; Galloway v. Vivian State Bank, 168 La. 691, 123 So. 126, 65 A. L. R. 1308; and Civ. Code, art. 2215, as it applies to creditors of an insolvent bank. The foregoing cases are conclusive of the issue.

For the foregoing reasons, it is decreed that the judgment appealed from be, and the same is hereby, affirmed; plaintiff to pay the costs of court in both the lower court and on appeal.

ELLIOTT, Judge (dissenting.)

These two cases are factually governed by the same law on the subject of compensation. When the obligation which Watkins owed the bank became due, there was at the same time due Watkins by the bank, subject to check, a sum of money. And when the obligation which Williams

owed the bank became due, there was at the same time due Williams by the bank, subject to check, a sum of money, in both cases equally liquidated and demandable before the bank was declared insolvent. Neither Watkins nor Williams made demand on the bank to apply the money to their credit in the bank to the payment of their notes until after the bank became insolvent, but to the end, that compensation might operate and have effect, no demand or request was necessary, because "Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums." Civil Code, arts. 2208, 2130; Act No. 64 of 1904, § 119, subd. 4. Bank of La. v. Fowler, 10 Rob. 196, bottom of page 200; Beatty v. Scudday, 10 La. Ann. 404; In re Canal Bank, etc. (Intervention of Wainer), 178 La. 961, 962, 152 So. 578, are supporting in principle. Ruling Case Law, vol. 3, Subject Banks § 157, p. 529. Supplement; same work, same subject, p. 825, is directly supporting. A number of cases, Bloodworth v. Jacobs, 2 La. Ann. 24, 25; Nolan v. Shaw, 6 La. Ann. 40, p. 46; Succession of Dorsey, 7 La. Ann. 34, 35; Bogert, etc., Co. v. Egerton, 11 La. Ann. 73; Morgan v. Lathrop, 12 La. Ann. 257; Murdock & Williams v. Citizens' Bank, 23 La. Ann. 113; Hancock v. Citizens' Bank, 32 La. Ann. 590; Gordon & Gomila v. Müchler, 34 La. Ann. 604, p. 606; Kennedy v. New Orleans Sav. Inst., 36 La. Ann. 1, p. 13; Seixas v. Citizens' Bank, 38 La. Ann. 424, 425, p. 432, and others are to the effect that compensation does not take place, although the two debts are equally liquidated and demandable, unless there be request and consent to that effect. In some of the cases, but not in all of them, it is said that compensation does not take place when it is against equity, good conscience, and contrary to the course of dealing or understanding of the parties. In some instances that would be true, but some of the cases are not based on the reason that it would be against equity, good conscience and contrary to the understanding and course of dealing between the parties to hold that the debts were extinguished by compensation. They follow, in my opinion, other cases as a precedent, without taking into account the theory on which the previous case is founded. In the present two consolidated cases, there will be no disregard of equity, good conscience, or violation of understanding as a result of the compensation. I therefore think judgment should be rendered in favor of Watkins and Williams as prayed for in their respective petitions, and dissent from the opinion of the majority of the court on that subject.