**HAMMOND BOX CO., Inc., v. TANGIPA-HOA BANK & TRUST CO.**

No. 1585.

Court of Appeal of Louisiana. First Circuit.

June 30, 1936.

Reid & Reid, of Hammond, for appellant.

Ponder & Ponder, of Amite, for appellee.

DORE, Judge.

The plaintiff alleges that the defendant, Bank & Trust Company, now in liquidation is the holder of its promissory note for $10,000, payable June 1, 1933, secured by a special mortgage and vendor's privilege, indorsed by H. J. and Alex Wilson, and secured further by the pledge of certain stocks; that payment of said note was extended on November 29, 1933, to May 1, 1934. It is further alleged that the defendant Bank & Trust Company was placed in liquidation on January 19, 1934; that plaintiff holds "frozen" certificates of deposit in said bank amounting to $1,018.77, and has a checking account of $53.58, a total deposit of $1,072.35; that on May 4, 1934, the date the note became due (must have been three days after the note became due according to allegation 4 of their petition) plaintiff tendered the said bank in liquidation a check for $8,208.27, which, together with said deposits, was sufficient to pay said note, but the special agent refused to accept said deposits as an offset against the said note, and refused to surrender the note, however, giving credit to the said note for the payment of $8,-208.27.

The defendant bank filed an exception of no cause or right of action and which was sustained, and plaintiff has appealed.

Counsel for plaintiff admits that the facts set out in the petition present a similar situation as that in the recent case of In re Tangipahoa Bank & Trust Co. in Liquidation (Intervention of Farris) (La. App.) 161 So. 884, where an offset was denied a depositor on a debt to the bank maturing after the bank was placed in liquidation, but counsel are asking us to overrule that case, as well as other cases, and the case of People's Bank v. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 So. 179, in order that Louisiana would be in line with the decisions of the United States courts and of a great majority of the courts of the other states, or, in other words, to follow the common-law states.

In so far as the People's Bank Case, it is beyond us to accede to the wishes of the counsel for plaintiff; he will have to make his plea to the Supreme Court. However, we consider the case to have been correctly decided. We have again reviewed our decision in the case of Intervention of Farris, and also reviewed our decisions in the matter of Watkins v. Bank of Morgan City (La.App.) 162 So. 262, and Williams v. Bank of Morgan City (La.App.) 162 So. 266. An application was made to the Supreme Court to review our decisions in the Morgan City Bank Cases, and the same was refused. In the Morgan City Bank Cases, the plaintiffs had a stronger case than is presented by the plaintiff in this case under consideration.

Plaintiff's note due the bank in this case fell due after the bank was placed in liquidation. Therefore, at the time of the declared insolvency of the bank, the two debts, the one due the bank in May, 1934, and the debt due by the bank to plaintiff on the deposits, were not equally liquidated and demandable which is a prerequisite for compensation under article 2209 of the Civil Code. It would be a waste of time to again go fully in the analysis of the reasons, therefor, our former rulings in the above cases are affirmed.

Judgment affirmed.