3  449
e110  703

## YALE, Syndic *v.* NOLAN.

Where a creditor, who had wrongfully obtained certain merchandize from the shop of his debtor, on the eve of his cession, in satisfaction of his claim, has a judgment rendered against him in an action by the syndic for the value of the merchandize, he cannot plead in compensation of the judgment the debt, evidenced by a note, due from the insolvent to him. His only right is to a proportional share of the funds of the insolvent when distributed.

YALE
v.
NOLAN.

**A**PPEAL from the Third District Court of New Orleans, *Kennedy,* J. *Emerson,* for the plaintiff. *Redmond,* for the appellant. The judgment of the court was pronounced by

KING, J.   Our conclusion upon the merits renders it unnecessary to consider the motion to dismiss this appeal.

The plaintiff, in his capacity of syndic, obtained a judgment against the defendant for the value of a quantity of merchandize, which the latter wrongfully obtained from the store of *Pigneguy,* on the eve of *Pigneguy's* surrender. The judgment was affirmed by this court.   [This case is not reported, having turned on questions of fact. R.]   After its return to the lower court, a rule was taken on the syndic, to show cause why a note held by *Nolan*\* should not be compensated against the judgment. The rule was discharged, and *Nolan* has appealed.

The district judge did not, in our opinion, err.   The wrongful act of *Nolan* in obtaining possession of goods, which were the common pledge of the insolvent's creditors, and which he was required to restore to the syndic, did not establish the relation of mutual indebteness from which compensation results. To sanction *Nolan's* present claim, would be to permit him indirectly to secure an unjust preference over other creditors.   His only right is to his rateable distribution of the funds of the insolvent.

*Judgment affirmed.*

---

\*This note was the evidence of the debt, which *Nolan* attempted to satisfy by taking the merchandize on the eve of *Pigneguy's* cession.　.　　　　　　　　　　　　　　R.

