### A. BEATTY, Syndic *v.* J. A. SCUDDAY.

On the 29th of May, 1851, S. deposited $888 with M., a private banker, who, at the time, held the note of S. for $735. M. absconded, leaving a letter in which he transferred to S. his note to cover his deposit. The syndic of M. sued S. on the note; S. plead the deposit in compensation, and the question was whether the syndic had a right to recover from defendant the whole amount of his note, leaving defendant to come in and receive his dividend, with the other creditors, or whether the defendant's note should be declared to be compensated and extinguished by the amount of the deposit. *Held,* that the plea of compensation should be sustained.

APPEAL from the District Court of Lafourche, *Sterling,* J.

*J. C. & A. Beatty,* for plaintiff.

*F. S. Goode,* for defendant and appellant:

The proceedings against *Marchais* were based on Sec. 48, B. & C., Dig. page 496, which gives to creditors, in case their debtor absconds, the right of sequestrating his effects and putting themselves into possession. This is the sole object of the law, it merely affords to creditors a relief, and points out the way by which they can be paid. Not one word is said of the debtor having committed an act of bankruptcy, in which respect it is entirely different from the English and French laws on the same subject. See Code of Commerce, 441, 442, 6 G., 4 c., 16 S. 3. There is no decision by our Supreme Court to the point, but I would refer to the following authorities as favoring our position; that it is only by the cession that the situation of parties is fixed. 9 M. 625 ,

10 M. 448; 5 M. 618; 7 Rob. 162; 2 N. S. 26; 5 A. 274; 1 M. 193, 194, 207; 2 L. 354; 3 A. 449; B. & C. Dig. Insolvent Law, sec. 16 and 19, page 488, sec. 9, 22, 24, 37, 43, 44; 2 L. 413; C. C. 3323, 3326, 1979, and seq.; 3 M. 94, 386; 7 M. 30; 7 L. 62; Hen. Dig. page 727, seq.; 8 L. 585, 6 N. S. 66.

The doctrine for which the syndic contends would force upon us the English law in regard to relation in matters of bankruptcy, which is the creature of positive law and which meets with no encouragement from the English Courts. See Bacon's Abridgement, vol. 1, page 747. This Court has said in 4 A. 356, that there is no such thing in our law as relation in matters of bankruptcy, and that case goes so far as to say, that the debtor is still at liberty to contract even after the commencement of proceedings. Even under the English law compensation would be allowed in this case. See Comyn's Digest, vol. 2, page 130, and note. See 1 Atk. 231. Where the demand arises upon a bond payable unconditionally on a day certain, but not due until after bankruptcy, it may be set off against a debt due to the bankrupt at the time of bankruptcy. See Bacon's Abridgement, vol. 1, page 761, 762 and 763.

OGDEN, J. (SLIDELL, C. J. absent.) The plaintiff, representing the creditors of *Prosper Marchais* is the holder of the defendant's note for $735, dated Jan. 1st, 1851. The defendant had a claim of $883 70 against *Marchais*, for that amount deposited by the defendant with *Marchais*, on the 29th of May, 1851. *Marchais* was, at the time of the deposit, a private banker in the town of Thibodauxville, and was the holder of defendant's note, made payable to his, *Marchais*' order, one year after the date. *Marchais* absconded in June, 1851, before the maturity of defendant's note, leaving a letter, which was discovered a long time afterwards, in which he makes a transfer to the defendants of his note, now sued on, to cover the deposit. The note was not delivered up, and the defendant being now sued on it, pleads the amount of this deposit in compensation. It is not denied that *Marchais* used the money deposited with him, and that he left the country totally insolvent. The question now is whether the syndic has a right to recover from defendant the whole amount of his note, and leaving the defendant to come in and receive his dividend with the other creditors for the deposits, or whether the defendant's plea should be sustained and his note declared to be compensated and extinguished by the amount of the deposits. It will be admitted by every one, that under the circumstances, it would be extremely inequitable to compel the defendant to pay his note, and receive only such portion of his deposit as might be allotted to him, on a *pro rata* distribution of the insolvent's effects. This effect, however, it is contended, must be produced by the law applicable to the case. Let us see what that law is. It is not under the general rule of law on this subject, that such a right can be claimed. The rule is, that when two parties are indebted to each other, there takes place a compensation between them, that extinguishes both debts. This rule is subject to the modification, that to produce this effect by the mere operation of law, the two debts must be equally liquidated and equally demandable. Arts. C. C. 2203, 2204, 2205. Exceptions to the rule are then laid down, and Art. 2207 excepts from the operation of it a demand of restitution of a deposit and of a loan for use. The argument then, to support the pretensions of the plaintiff, is this,—that the debt due by *Marchais* to the defendant being of a more sacred character, and the law, from a peculiar regard to it, and with the view of protecting it, having declared that it should be exempted from the operation of a rule which would enable the depositor to withhold the thing deposited with him on pretence of a debt due to him by the depositor, the consequences therefore must rigorously ensue, of depriving the depositor himself of all benefit to be derived from the general rule under which, in the present case, if his debt had

BEATTY
v.
SCUDDAY.

been of a character of inferior dignity in the eye of the law, he might have escaped a loss. A construction of the law which leads to such a result, cannot be a sound one. The maxims "*cessante ratione, cessat et ipse lex*" is equally applicable to the exception as to the rule of law itself. When the depositary has used the money deposited with him and has become a bankrupt what reason can exist for giving effect to an exception to a general rule of law, when, by doing so, the creditor in whose favor the exception was established, will be placed in a more unfavorable position than he would have been without the exception in his favor.

In the case of *Breed* v. *Purvis, Wood & Co.*, 7 An. 53, when an attempt was made to plead compensation against an irregular deposit, on the ground that Art. 2927, which prohibits the retention of things deposited on the plea of compensation, applied exclusively to the case of a real deposit Justice Rost used the following language: "This view is inconsistent with the theory of compensation under the civil law; compensation was then considered as an equitable remedy, and never took place when it would have been against good conscience." It would be equally inconsistent with the theory to refuse to allow compensation to be pleaded by the depositor in a case like this, for it would be against good conscience, that the creditors of *Marchais* should be paid a dividend out of money which *Marchais* himself would have had no right to exact from the defendant. There can be no doubt that the defendant would have had the right if sued by *Marchais* to have pleaded compensation by way of exception. *Toullier* recognizes this right. He says, "Comme ce privilége n'est établi qu'en faveur de ce dernier, il peut opposer la compensation, s'il le juge à propos, parce qu'on peut toujours renoncer au droit introduit en sa faveur, et elle s'opère du moment où il la propose. Vous avez déposé chez moi une somme de 3,000 fr., j'hérite de mon père, à qui vous devez une somme de 3,000 fr., produisant des intérêts; la compensation de ces deux sommes liquides ne se fait pas *ipso jure*, du jour de la mort de mon père; époque à laquelle js suis devenu votre créancier; mais si je vous demande la somme que vous deviez à mon père, avec les intérêts, et que vous m'opposiez en compensation la somme que vous avez déposée chez moi, la compensation s'opèrera, *exceptionis ope*, du jour où vous me l'aurez opposée, et les intérêts cesseront de la même époque, et non auparavant, parce que ce n'est qu'à cette époque que j'ai eu la liberté de disposer de vos fonds." Toullier, de contrats et obligations, vol. 4th, compensation et reconvention, Tit. 3, sec. 4, and p. 346. As the privilege is established only in favor of the depositor, he may plead the compensation, if he pleases, because a person may always renounce a right introduced in his favor. He states the following case as illustrating the principle: "You deposited with me the sum of 3000 fr., I inherit from my father, to whom you owed the sum of 3000 fr., bearing interest; the compensation of these two liquidated sums is not made *ipso jure* from the day of the death of my father, the period at which I became your creditor; but if I demand of you the sum which you owed to my father, with the interest, and you plead against me in compensation the sum which you deposited with me, the compensation will take effect *exceptionis ope* from the day you pleaded it, and the interest will cease from the same period, and not before, because it is only at this period that I had the liberty to dispose of your funds." He applies the rule here to the case of a real deposit. It is not evident that in case of an irregular deposit the same rule would apply, and that the plea would take effect from the time that

the depositary was in default by refusing to return the deposit and that the interest would cease to run from that date on the debt due to the depositary. *Marchais* must be considered as in default from the time he absconded, because it was not afterwards in the power of the defendant to demand the restitution of his deposit; the creditors can exercise no greater right under the final surrender than *Marchais* himself could have exercised, and the plea of compensation is an effectual bar to any recovery, because, from the period of *Marchais'* default he was without any right whatever to maintain an action on the note which the defendant had executed in his favor.

*Toullier* loco citato p. 381, in treating of the principles regulating compensation in cases of bankruptcy, observes:

"La compensation opérée, même à son insu, en faveur de celui qui est en même temps créancier et débiteur du failli, conserve tout son effet après la faillite ; nul doute sur ce point.

Mais la compensation n'est point admise en faveur de celui qui, étant créancier ou débiteur du failli avant l'ouverture de la faillite, est devenu depuis son débiteur ou son créancier, de quelque manière que ce soit. Car cette compensation porterait préjudice aux droits acquis par les autres créanciers, ce que ne permettent ni l'equité ni la loi."

"The compensation effected in favor of a person who was at the same time creditor and debtor of the bankrupt, even without the knowledge of the former, keeps all its effect after the failure; there is no doubt on this point, but compensation is not admitted in favor of him, who being a creditor or debtor of the bankrupt before the opening of the bankruptcy, becomes afterwards, his debtor or creditor, in any manner whatever, for this compensation would prejudice the right acquired by the other creditors, which neither justice nor the law permits." The equity of the rule on this subject requires that the rights and obligations of all those who have had dealings with the bankrupt, should be so far unaffected by the bankruptcy, that no claims should be enforced either for or against the creditors of the bankrupt which might not equally have been enforced for or against the bankrupt himself.

*Marchais* himself could not have recovered on the note sued on in opposition to the plea of compensation set up, and the syndics of his creditors is equally without right to maintain this action.

It is therefore ordered and adjudged that the judgment of the Court below be reversed, and that there be judgment in favor of defendant with costs in both Courts.

Mr. Justice VOORHIES and Mr. Justice BUCHANAN, concurring.

SPOFFORD, J. I think it manifest that compensation never took place by the mere operation of law, which is the only species of compensation treated of in the Civil Code.

It seems to be conceded by the parties that both debts are liquidated. But the fact that one of them was an irregular deposit, whilst the other was an ordinary debt, was an obstacle to their mutual extinguishment by the effect of the law. C. C. 2207, 2927; *Bloodworth* v. *Jacobs*, 2 Ann. 27; *Breed* v. *Purvis, Wood & Co.*, 7 An. 35; C. N. 1293; 4 Marcadé, No. 830.

But for the purpose of avoiding a circuity of actions and speeding the administration of justice, the courts allow another species of compensation styled *compensation facultative* by the French civilians, and *compensation by way of exception* with us. Marcadé illustrates the distinction between these two kinds

of compensation by the following example : "Si vous me devez tel cheval dé-
terminé et que je vous doive un cheval en général, *la compensation légale* n'est
pas possible, puisque les objets des deux dettes ne sont pas exactement *fongi-
bles*, et que je ne puis pas être contraint à garder le cheval quelconque que je
vous dois, en place du cheval déterminé que vous me devez ; mais si, sur la pour-
suite que vous dirigez contre moi je déclare que c'est précisément le cheval que
vous me devez que j'entends vous livrer, les deux dettes se trouveront immé-
diatement compensées; ce sera comme si j'avais reçu réellement le cheval par
vous dû et que je vous l'eusse livré ensuite." Explication du Code Civil, Tome
IV., No. 851.

In like manner, one who makes an irregular deposit of money, when sued by
his depositary for an ordinary debt, may waive the exception introduced in his
favor by the law, and say to the plaintiff, "take the money I have deposited
with you and pay yourself."

The defence would undoubtedly be good here, if *Marchais* himself were the
plaintiff.

But can the defendant exercise this option after the failure of *Marchais*,
whereby his assets, including the note sued on, vested in the mass of the cre-
ditors for the purpose of distribution ? Let it be observed that the defence is
not intrinsic to the debt. There is no connection whatever between the two
demands, and they are not compensable *ipso jure ;* moreover, compensation by
way of exception is not retroactive, but takes effect only from the filing of the
plea.

On the one side, we meet the general rule of our law, that the rights of the
creditors are fixed by the failure, and, therefore, no one in the *concurso* should
be allowed to profit at the expense of the others by his own voluntary act after
the insolvency is judicially declared.

On the other hand, it seems inequitable that a creditor who is at the same
time a debtor of the insolvent, should be deprived, by the failure, of the benefit
of any pleas which he might, at his option, have urged against the insolvent
himself before the commencement of the insolvent proceedings.

The doctrine of set-off by way of exception, seems to have been liberally in-
terpreted by the courts in all countries where it prevails.

For these considerations, I concur in the judgment pronounced in the present
case.