No. 384

First Circuit

PEOPLES BANK & TRUST COMPANY IN
LIQUIDATION v. LA. STATE RICE
MILLING CO., INC.

(January 9, 1929.  Opinion and Decree.)
(February 13, 1929.  Rehearing Refused.)
(March 25, 1929.  Writ of Certiorari and
Review Refused by Supreme Court.)

Broussard & Samson, of Abbeville, attorneys for plaintiff, appellant.

J. E. Kibbe, Jr., of Abbeville, attorney for defendant, appellee.

LECHE, J., concurs for written reasons.

MOUTON, J.  Plaintiff brings this suit against defendant on two drafts, one for $333.99 and the other for $1,139.70, with legal interest on both drafts.

The draft for $333.99 was drawn by W. T. Smith, and the other by Ted. T. Riley, the authorized agents of defendant company.

Plaintiff bank, then located in Abbeville, La., was closed by the state bank commis-

sioner on December 15, 1926, between 11, a. m. and 12 o'clock noon.

The defendant had on deposit with plaintiff bank at Abbeville, on the 15th of December, 1926, the sum of $1,453.56.

Both drafts are made payable at sight to the plaintiff bank and are drawn on the defendant corporation and not on plaintiff bank. The draft for $333.99 was drawn December 21, 1926, and the other for $1,130.70 on December 15, 1926, and were both given in payment of rice purchased under contract with plaintiff bank.

The defendant pleads compensation against the drafts up to the amount of its deposit.

Judgment was rendered in favor of the bank on the draft for $333.99, but maintained the plea of compensation for the draft of $1,139.70.

The civil death or insolvency of the bank took place when it was taken charge of by the banking department December 15, 1926, between the hours of 11 and 12 noon, and which had the legal effect of fixing the rights of its creditors as they existed at that time. Thomas vs. Marine Bank & Trust Co., 156 La. 941, 101 So. 315. As hereinabove stated, both drafts were made payable at sight, and were drawn on the defendant corporation in favor of the plaintiff bank.

An instrument payable at sight matures when presented for payment. R. C. L. vol. 6, p. 409; Randolph on Commercial Paper (2d Ed.) Sec. 16.

The bank had been closed six days before the note for $333.99 was drawn. It is therefore evident that it could not have been presented for payment to defendant corporation prior to the placing of the bank under the administration of the bank examiner. It is doubtful if the claim for the $333.99 had been liquidated at that time, but it is certain that it was not then due or demandable.

When the bank was closed, the amount on deposit was due and demandable, but this draft was not, as it had been presented for payment to the defendant corporation, and, though the debts were coexistent, as they were not equally due and demandable, compensation could not take place between them, thus extinguishing the claim on this draft. C. C. 2209; People's Bank vs. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 So. 179.

The lower court, however, maintained the plea of compensation to the note for $1,139.70, to which we will now direct our attention.

As appears from a statement of facts upon which this case is submitted, the plaintiff bank, which was located at Abbeville, operated a branch at Gueydan, La.

It is admitted that the draft for $1,139.70 was delivered to Ralph Montagne, agent of plaintiff bank at Gueydan at 8:30 a. m. December 15, 1926, and that Montagne was authorized by plaintiff bank to accept the draft.

It is admitted that, according to the custom which had existed in the past, on the bank's receipt of such drafts, they would be presented for payment at the main office in Abbeville of defendant corporation, which took these drafts by checks issued in payment. Such a custom or usage had the force of law between the parties, and impliedly formed a part of the contract between them. C. J. vol. 17, p. 462.

It is shown that, in accordance with this custom, this draft, as well as the other, were presented for payment to the defend-

ant corporation; and further, after the plaintiff bank had been closed. It could hardly have been otherwise, as it was delivered at Gueydan to Montagne at 8:30 a. m., and the plaintiff bank at Abbeville closed its doors not later than the noon hour of the same day. As it was payable at sight, and was drawn on defendant corporation, it therefore matured and became demandable only upon presentation to defendant for payment. That was done after the bank had been closed, was civilly dead or insolvent, and all the rights of its creditors had been fixed. The draft in question was therefore not then mature, due, and demandable, and was not extinguished by compensation by the mere operation of law up to the amount of the deposit defendant had in plaintiff's bank. C. C. 2209; People's Bank vs. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 So. 179. The judgment maintaining the plea of compensation to the draft for $1,139.70 must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it maintains the plea of compensation and rejects the demand of plaintiff bank on the draft for $1,139.70, is annulled and reversed; and it is further ordered and decreed that plaintiff have judgment on said draft against defendant corporation for $1,139.70, with legal interest from December 15, 1926, until paid, and that, in other respects, the judgment be affirmed; defendant to pay all costs of court.

———

LECHE, J. (concurring). The rule that compensation cannot be pleaded by the debtor of an insolvent corporation in liquidation, or by the debtor of insolvent succession rests upon sound principles of equi-

ty. To hold otherwise would be tantamount to giving an unfair preference in favor of the creditor who is also a debtor, over other creditors who are not debtors; thus the creditor who is also a debtor would get the full benefit of his credit, while the creditor who is not a debtor would have to accept in full satisfaction only such part of his claim as the residuum of the assets of the insolvent concern could satisfy. Upon such a principle are based the decisions in Yale vs. Nolan, 3 La. Ann. 449; Green vs. Davis, 7 Mart. (N. S.) 239, and Brooks vs. Walker, 3 La. Ann. 150.

But in this case there are additional reasons why the plea of compensation cannot be legally urged by the defendant. The accepted rule and custom is that a bank cannot make an assignment of the funds of its depositor without the consent of the depositor or without judicial sanction. It may use temporarily, in the operation of its business, such portion of such funds as is permitted by the banking laws of the country, but cannot convert them to any other purpose without the consent of the depositor. A bank may not buy notes or claims due by its depositor and charge them on its books against the deposit account of its depositor, for that would be converting the funds of its depositor for a purpose not sanctioned or consented to by the owner of the funds. This principle is recognized in Morgan vs. Lathrop, 12 La. Ann. 257.

The foregoing principles are also recognized in the recent decision of Thomas vs. Marine Bank & Trust Co., 156 La. 941, 101 So. 315, where all doubt upon the question is set at rest by a well-considered and a well-reasoned opinion by Mr. Justice Thompson.

In my opinion it makes no difference when the drafts were drawn by defendant's

agent against the defendant, whether before or after the People's Bank & Trust Company had been closed by the banking department of the state. It is sufficient to say that they were not paid, although admittedly due by defendant. The bank had no right or authority to charge them against defendant's deposit account, without the consent of defendant. If it had so charged them and had not gone into liquidation, the defendant could have ignored and repudiated such a charge made against its account without its knowledge and consent.

The decree in this case is in my opinion absolutely legal and equitable, and I cheerfully concur therein.