## FEDERAL DEPOSIT INS. CORPORATION v. LOWREY.

### No. 5683.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1938.

Parsons & Hunter, of Mansfield, for appellant.

Shotwell & Brown, of Monroe, and L. E. Colvin, of Mansfield, for appellee.

DREW, Judge.

The plaintiff-appellee, Federal Deposit Insurance Corporation, in its capacity as receiver of the DeSoto Bank & Trust Company, instituted this action against defendant-appellant, J. W. Lowrey, and as the basis therefor alleged that among the assets of said DeSoto Bank & Trust Company is one certain promissory note, dated Mansfield, Louisiana, March 28, 1936, signed and executed by said J. W. Lowrey, a resident of the Parish of DeSoto, State of Louisiana, said note being due and payable six months after its date, payable to the order of DeSoto Bank & Trust Company, for the principal sum of $1,750 stipulating the payment of eight per cent per annum interest from its maturity until paid, and further providing for the payment of an additional ten per cent upon the aggregate amount of principal and interest due, as attorney's fees.

·These facts are set forth in the petition to which is attached the original of said note. The note was offered in evidence in this cause. Plaintiff also alleged in its petition that, in order to secure·the payment of said note, interest and attorney's fees, the said defendant, Lowrey,. signed a formal act of pledge, known as a Collateral Receipt, which is dated March 28, 1935, by virtue of which the said defendant, Lowrey, especially pledged to the DeSoto Bank & Trust Company or its assigns, as collateral security for any indebtedness due and owing by him to the said DeSoto Bank & Trust Company, and more particularly the note hereinabove described, the following, to-wit:

"1. One certain Time Certificate of the DeSoto Bank & Trust Company, dated February 9, 1933, and payable on or before four years after date, issued to Lowrey Bros., Inc., and by it endorsed in blank, in the principal sum of Four Hundred Fifty and no/100 ($450.00) Dollars.

"2. One certain Time Certificate of the DeSoto Bank & Trust Company, dated February 9, 1933, and payable on or before four years after date, issued to Lowrey Motor Co. Inc., and by it endorsed in blank, in the principal sum of One Thousand Two Hundred Sixteen and no/100 ($1216.00) Dollars.

"3. One certain Time Certificate of the DeSoto Bank & Trust Company, dated February 9, 1933, and payable on or before four years after date, issued to J. W. Lowrey, and by him endorsed in blank, in the principal sum of Twenty-nine and no/100 ($29.00) Dollars.

"4. One certain Time Certificate of the DeSoto Bank & Trust Company, dated February 9, 1933, and payable on or before four years after date, issued to Mrs. J. W. Lowrey, and by her endorsed in blank, in the principal sum of Fifty-five and no/100 ($55.00) Dollars."

The Collateral Receipt was introduced in evidence in this cause. The time certificates were also introduced in evidence.

Plaintiff herein seeks a judgment against J. W. Lowrey in the amount of said note, principal, interest and attorney's fees, and for all costs hereof, and for a recognition of its lien and privilege on said time certificates above described, and ordering said time certificates, in due course, sold at public auction for cash and without appraisement, and that out of the proceeds of said sale, plaintiff be paid the amount of its said claim by preference and priority over all other persons whomsoever.

Defendant, Lowrey, filed an answer herein in which the material allegations of plaintiff's petition are admitted. In the answer, however, he pleads legal and facultative compensation to the obligation owed by him to the DeSoto Bank & Trust Company, in receivership, and as represented by the note made the basis of this action. It is his contention that his said obligation has been compensated by the time certificates.

The only question involved, therefore, is whether or not compensation has taken place.

The case was regularly tried in the lower court, and judgment has been rendered in favor of plaintiff, as prayed for. From this judgment defendant prosecutes this appeal.

The note made the basis of this action, as stated above, was dated March 28, 1936, and became due and payable six months after its date, or on September 28, 1936. The admissions contained in defendant's answer, and the evidence adduced on the trial of this cause show that DeSoto Bank & Trust Company was closed, in accordance with the applicable laws of the State of Louisiana, on October 6, 1936, by J. S. Brock, State Banking Commissioner, and that thereafter, on October 21, 1936, Federal Deposit Insurance Corporation became the receiver of said bank. The time certificates, as described hereinabove, were dated February 9, 1933, and were due four years after their dates, or on February 1, 1937. This suit was instituted on May 1, 1936.

The note to which the above described certificates were attached and pledged to secure contains the following provisions:

"* * * which said security or any part thereof, or addition thereto or any substitute therefor, I hereby give to the said holder or his attorney or agent authority to sell on the maturity of this note, or at any time before maturity, if in the judgment of said holder, said security, additions thereto or substitutes therefor, or any part thereof, shall have depreciated in value; such sale may be public or private at his discretion with or without advertising the same or giving me any notice of sale, or redemption; intending thereby to waive all my right of redemption either before or after such sale. And I hereby give said holder the right to become the purchaser of said security, additions thereto, and substitutes therefor, at such public or private sale, and authorize him in his discretion to enforce the collection of said security, additions thereto, and substitutes therefor, by suit or otherwise, and to apply the proceeds of such sale or collection, first to the payment of all costs, expenses and attorney's fees incurred in making such sale or collection, and second the payment of this and any other indebtedness owing by me to said holder at the time of such sale and to pay the surplus, if any, to me.

"The makers, endorsers, guarantors and sureties of this note hereby severally waive presentation for payment, demand, notice of non-payment and protest, all pleas of division or discussion, and consent that time

of payment may be extended without notice thereof, and, in the event of non-payment at maturity, it is agreed to pay all attorney's fees incurred in the collection of this note, or any portion thereof, including interest, which fees are hereby fixed at ten per cent on the amount to be collected. The makers, endorsers, guarantors and sureties of this note, hereby severally authorize DeSoto Bank & Trust Co., of Mansfield, Louisiana, to pay this note at maturity or any time thereafter, charging the amount first to the account of the principal debtor, and, in the event of the account of the principal debtor being insufficient, then to the account of any endorser, guarantor, or surety, it being expressly understood and agreed that *the said bank is to have the option of paying or not paying this obligation at its discretion and without liability on its part to the said makers, endorsers, sureties and guarantors for non-payment, when the option to pay is not exercised.*

"The holder of this note shall have the right at any time to set off with the same any amount that either the maker, endorser or guarantor shall have on deposit with it, whether such deposit be special or general, whether the said note is then due or not." (Italics ours).

In support of his contention that compensation has taken place, defendant relies first upon the waiver clause in the note which he contends authorized the bank to collect from itself the certificates of deposit and apply same to the note. The same clause which gives to the bank the said waiver option provides (as italicized above) that it shall be exercised in the discretion of the bank and that the bank shall not be liable for failure to exercise it. It is not contended that the bank did exercise the option, nor is it contended that defendant requested that the certificates be called and applied in payment of the note until the answer was filed in this suit. We are of the opinion, therefore, that the defendant is in the same position as if the option had not been granted in the note. The option was not a mandatory one.

The other contention of defendant is that the moment the bank became insolvent and went into receivership that the collateral certificates were matured. We are of the opinion this contention is correct, but it could not at that time avail defendant any benefit under his compensation plea for the reason the moment the insolvency and liquidation occurred the amount collectable on the certificates became uncertain and unliquidated and undemandable. The amount to be paid on said certificates was conditioned upon the amount of assets collected and turned into money, all of which would have to be prorated equally among the creditors of said bank. To have allowed compensation as between the note due by defendant and the certificates, after insolvency and after liquidation had begun, in which defendant would have received full credit for his time certificates, would have been to give him a preference over other creditors or depositors of the bank in direct violation of Article 2215 of the Revised Civil Code, which prohibits it. The note sued on was liquidated and demandable because of maturity on September 28, 1936. The bank was declared to be insolvent eight days later and a receiver was appointed thirteen days thereafter. The collateral time certificates pledged to the bank by defendant were not due and demandable on their face until February 1, 1937. Since the bank was not liable under the provisions of the note for failure to mature the certificates under its option, it is certain that neither legal nor facultative compensation took place. Articles 2207, 2208, 2209, 2210, 2215 and 2216, Revised Civil Code.

Cases in which like questions are thoroughly discussed and decided adversely to defendant's contentions here are: People's Bank in Liquidation v. Mississippi & Lafourche Drainage District, 141 La. 1009, 76 So. 179; Watkins v. Bank of Morgan City & Trust Co., La.App., 162 So. 262; In re Tangipahoa Bank & Trust Co., La.App., 161 So. 884, and Brock v. Pan American Petroleum Corp., 186 La. 607, 173 So. 121. It is unnecessary to quote from these cases as it would only be a repetition of that which is now reported therein.

The judgment of the lower court is correct and it is affirmed with costs.