## FEDERAL DEPOSIT INS. CORPORATION v. PAGE.

### No. 6001.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1940.

Rehearing Denied April 4, 1940.

Writ of Certiorari and Review Denied April 29, 1940.

L. E. Colvin, of Mansfield, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff, the Federal Deposit Insurance Corporation, in its capacity as receiver for the DeSoto Bank & Trust Company of Mansfield, Louisiana, brought this action against the defendant, W. W. Page, Jr., for balance due on a promissory note executed by Page in favor of the said bank.

On November 9, 1932, the defendant executed a note in favor of the Bank of Commerce & Trust Company, in the amount of One Thousand Nine Hundred Dollars ($1,900), due ninety days after date. On or about January 23, 1933, before the note became due, this bank was closed by the State Banking Department, at which time the defendant had a deposit credit of Four Hundred Ten and 59/100 Dollars ($410.59).

On February 7, 1933, the Bank of Commerce & Trust Company was succeeded by the DeSoto Bank & Trust Company, which purchased all of its assets and assumed all of its liabilities, subject to the condition that the depositors were to be paid twenty per cent (20%) on their deposits immediately and were to be given non-interest bearing certificates for the balance to be retired on or before four years from the date of issuance of such certificates. It was further agreed that all certificates of deposit must be retired at the same time or any payments thereon must be made on an equal basis and at the same time.

After the DeSoto Bank & Trust Company had acquired the assets of the Bank of Commerce & Trust Company, the defendant made payments on the note executed in favor of the latter bank until September 10, 1934, on which date he executed a renewed note for Five Hundred Dollars ($500) in favor of the De Soto Bank & Trust Company for the unpaid balance, which note is the basis of this suit.

The DeSoto Bank & Trust Company was opened for business on or about March 29, 1933, and the defendant was then credited with twenty per cent (20%) of the deposit of Four Hundred Ten and 59/100 Dollars ($410.59) in the Bank of Commerce & Trust Company. A certificate of deposit dated February 8, 1933, the date of the assumption of assets and liabilities by the plaintiff bank, payable on or before four years after that date, was issued in the amount of Three Hundred Twenty-Eight Dollars ($328), eighty per cent (80%) of his deposit, to W. W. Page, Jr., the defendant.

On October 24, 1934, the defendant wrote the DeSoto Bank & Trust Company, requesting that the money on deposit in the old bank be applied on the Five Hundred Dollar ($500) note, if such was agreeable, and to advise him of the additional amount needed to retire the note, if that was not sufficient.

On October 25, 1934, the cashier replied to this letter as follows: "* * * The balance in your checking account is $174.74, which we can apply as a credit on your note, but the Deferred Certificate of Deposit for $328.00, which represents 80% of your deposit with the Bank of Commerce & Trust Company, cannot at this time be used as an off-set. If you wish to retire the note in full, it will be necessary to remit us $325.26."

Defendant addressed another letter to the DeSoto Bank & Trust Company on November 14, 1934, making the following request: "Please apply balance now on deposit with your good bank to the

credit of the note, and would appreciate your reconsidering and credit the note with the balance due Bank of Commerce, which amount will retire the note. The amount is small, and I feel sure that you can handle without any difficulty." This letter was replied to on the same date and defendant advised that the balance on deposit had been applied on the note as requested, but again refused to apply the amount represented by the Deferred Certificate of Deposit, advising Page that the application of his deposit left a balance due of Three Hundred Twenty-Five and 26/100 Dollars ($325.-26).

No further payments were made on the note, and on October 9, 1936, the DeSoto Bank & Trust Company was closed by the State Bank Commissioner. The Federal Deposit Insurance Corporation was appointed receiver for the bank, and on March 2, 1939, filed this suit seeking to recover the balance due on the note.

It is urged on the part of the defendant that the deposit in the Bank of Commerce & Trust Company should have been applied to the note in compensation, hence there is no liability on the part of the defendant.

█ The question as to whether or not the Certificate of Deposit and the debt due the Bank of Commerce & Trust Company off-set, and that the compensation took place by operation of law, is not now before us. The defendant issued the note upon which this action is based, the consideration therefor being the debt due the DeSoto Bank & Trust Company in its capacity as successor to the Bank of Commerce & Trust Company. By so doing, the defendant bars himself from pleading compensation as to the debt owed the Bank of Commerce & Trust Company because the debt sued upon is evidenced by a note due the DeSoto Bank & Trust Company, which constitutes a new obligation, separate and distinct from that owed on the note given to the old bank.

Article 2209 of the Civil Code provides: "Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are *equally liquidated and demandable.*"

The DeSoto Bank & Trust Company was indebted to the defendant in the sum of Three Hundred Twenty-Eight Dollars ($328) on the Deferred Certificate of Deposit. The obligation undertaken on the part of the new bank, in assuming the indebtedness of the old one, called for a payment to all depositors not more than four years after February 8, 1933, the date the said obligation was undertaken. At the time the defendant requested that his deposits be applied to the note, the Certificate of Deposit had not matured, nor did it mature prior to the bank's closure. Therefore, at no time before the bank closed, was the Certificate of Deposit a demandable obligation. While it is true that the closing of the bank accelerated maturity of its outstanding obligations, such fact did no more than to place all of its unsecured creditors on the same footing, dependent for payment from the residuum of the same assets. Under the terms of Article 2209 of the Civil Code, the amounts were not compensable due to the fact that they were not equally demandable, the note being past due, while the Certificate of Deposit was not, at that time, due.

█ In order to be equally demandable both debts are required to be mature and subject to payment on demand. No debt is demandable until all suspensive conditions upon which its maturity depends are fulfilled. These conditions might consist of a formal presentment for payment, or, as in the present case, the passage of certain period of time according to the terms of agreement giving rise to the obligation to pay. Peoples Bank & Trust Co. v. Louisiana State Rice Milling Co. 10 La.App. 401, 119 So. 779; Dyer v. Dodge, 15 La.App. 677, 131 So. 740.

In disposing of a question similar to the present one, this court in Federal Deposit Insurance Corporation v. Lowrey, La.App., 183 So. 113, 115, held and said:

"The other contention of defendant is that the moment the bank became insolvent and went into receivership that the collateral certificates were matured. We are of the opinion this contention is correct, but it could not at that time avail defendant any benefit under his compensation plea for the reason the moment the insolvency and liquidation occurred the amount collectable on the certificates

became uncertain and unliquidated and undemandable. The amount to be paid on said certificates was conditioned upon the amount of assets collected and turned into money, all of which would have to be prorated equally among the creditors of said bank. To have allowed compensation as between the note due by defendant and the certificates, after insolvency and after liquidation had begun, in which defendant would have received full credit for his time certificates, would have been to give him a preference over other creditors or depositors of the bank in direct violation of Article 2215 of the Revised Civil Code, which prohibits it. The note sued on was liquidated and demandable because of maturity on September 28, 1936. The bank was declared to be insolvent eight days later and a receiver was appointed thirteen days thereafter. The collateral time certificates pledged to the bank by defendant were not due and demandable on their face until February 1, 1937. Since the bank was not liable under the provisions of the note for failure to mature the certificates under its option, it is certain that neither legal nor facultative compensation took place. Articles 2207, 2208, 2209, 2210, 2215 and 2216, Revised Civil Code.

"Cases in which like questions are thoroughly discussed and decided adversely to defendant's contentions here are: People's Bank in Liquidation v. Mississippi & Lafourche Drainage District, 141 La. 1009, 76 So. 179; Watkins v. Bank of Morgan City & Trust Co., La. App., 162 So. 262; In re Tangipahoa Bank & Trust Co., La.App., 161 So. 884; and Brock v. Pan American Petroleum Corp., 186 La. 607, 173 So. 121. It is unnecessary to quote from these cases as it would only be a repetition of that which is now reported therein."

It is clear under the holding in the above case that the amount due on the certificate is not now equally liquidated with the claim or note upon which this action is based. Before the DeSoto Bank & Trust Company was closed, under its assumption of the assets and liabilities of the old bank it was not required to pay the Deferred Certificate of Deposit before four years had passed. The claims were never at any time during the life of the bank equally demandable.

There is, however, a stipulation in the record to the effect that certain dividends accrued toward the retirement of the Certificate of Deposit. The defendant is due to have the amount of these dividends applied as credits on the note, provided he has not received them heretofore.

The judgment of the lower court is hereby reversed and annulled, and judgment is now rendered in favor of the plaintiff, Federal Deposit Insurance Corporation, and against defendant, W. W. Page, Jr., for Five Hundred Dollars ($500) with eight per cent (8%) interest from October 10, 1934, less a credit of One Hundred Seventy-Four and 74/100 ($174.74) paid November 14, 1938, together with ten per cent (10%) additional on principal and interest for attorney's fees, with costs in both courts.