FRUGÉ, Judge.
By this suit plaintiff alleges that it is the holder in due course and owner of a certain promissory note in the sum of $939.36 dated March 7, 1960, made by the defendant, Johnny Romero, payable to himself. Plaintiff seeks judgment for the total amount of the note, together with attorney’s fees and court costs. In his answer, defendant admitted the execution of the note, but denied that plaintiff was a holder in due course. In this .regard, 'it is alleged by defendant that the note was given to John Regan, doing business as the Southwest Company, for and in consideration of certain merchandise which he never received.
From a judgment of the lower court awarding plaintiff its demands as prayed for, defendant has perfected this appeal.
The record discloses that plaintiff acquired the note on or about March 9, 1960 from John Regan, paying him the discount value of the note. It is further established by the evidence adduced at the trial of this case that the defendant, Romero, did not receive the merchandise which formed the consideration of this note. These facts are not disputed.
The Louisiana Negotiable Instruments Law, LSA-R.S. 7:1 et seq., defines a holder in due course as follows (LSA-R.S. 7 :52):
“A holder in due course is a holder who has taken the instrument under the following conditions:
* * ■ * * * *
“(3) That he took it in good faith and for value;
“(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
Plaintiff’s basic argument is that he falls within the classification of a holder in due course, and is, by virtue of that status, immune from the defense of want or failure of consideration. This argument is based upon LSA-R.S. 7:28, which provides:
“Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a de-fence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.”
This court recently stated in Jefferson Securities Corporation v. Walsh, La.App., 134 So.2d 107, “that where the maker of a negotiable note establishes a failure of consideration, the burden is then upon the holder to prove that he is a holder in due course.” In the case at bar, the preponderance of the evidence establishes that plaintiff acquired defendant’s note some two days after the making and that prior to this time plaintiff did not have knowledge of the failure of consideration. Thus, insofar as the note in question is concerned, plaintiff did not possess knowledge of the failure of consideration.
Counsel for defendant urges that, notwithstanding that plaintiff did not have actual knowledge of the failure of consideration in connection with the note in dispute, plaintiff nevertheless had knowledge of failure of consideration in connection with other notes purchased from John Regan, and that by virtue of this fact it cannot be deemed a holder in due course. In this regard, we are referred to Commercial Credit Corp. v. Setliff, La.App., 44 So.2d 167, and LSA-R.S. 7:56.
The trial judge, in his written reasons, answered this contention as follows:
“In his efforts to prove that plaintiff is not owner and holder in due course of the note in question, defendant relies principally upon the facts and circumstances surrounding somewhat similar transactions by John Regan with Annie Robertson, Irene LeMaire, Si-donia Williams and Gladys F. Toups, wherein the plaintiff, who acquired the notes given by these persons, was at *642 stome time or other informed of the fact that John Regan had not acquired these notes for a valuable consideration.
"In the case of Annie Robertson the plaintiff herein was notified on December 10, 1959, that the unit for which she had given John Regan a note dated October 10, 1959, had not been completely installed. This notice consisted of a letter written by Annie Robertson on December 10, 1959, addressed to plaintiff (Exhibit D-5). In this letter Annie Robertson advised plaintiff that the unit for which she had given John Regan her note dated October 10, 1959, was to have been completely installed by November 12, 1959, and therefore, she was asking for an extension of time to begin payments on the note. The evidence shows that the employees of the plaintiff took the matter up with John Regan and ostensibly the matter had been straightened out to the satisfaction of Annie Robertson. Plaintiff was not notified of the failure of Regan to fully comply with his obligation to Annie Robertson until May 20, 1960 (See Exhibit P-5 and 6, and testimony of Annie Robertson, Transcript, pages 96-100).
“The preponderance of the evidence indicates that plaintiff did not know of John Regan’s fraudulent practices with reference to his transactions with Irene LeMaire until the latter part of March of 1960, or the beginning of April, 1960 (See testimony of Irene LeMaire, transcript, pages 66 and 67; testimony of Carroll Domingue, transcript, pages 51-58; testimony of Jack LeBlanc, transcript, pages 58-60, and reverse side of Exhibit P-2).
“Likewise, the preponderance of the evidence shows that plaintiff did not know of the irregularities concerning the transactions between John Regan and Sidonia Williams until long after March 7, 1960 (See P-4, Transcript, page 89 and testimony of Car-roll Domingue, transcript 51-58 and 142-146; testimony of Jack LeBlanc, transcript, pages 58-60, and William F. Carroll, transcript, pages 10-51 and 137-142).
“The preponderance of the evidence also shows that plaintiff did not have notice of the irregularities in the transactions between John Regan and Gladys Toups until after he had discounted defendant Johnny Romero’s note.”
Thus the trial court concluded that plaintiff had not acquired knowledge as to other fraudulent transactions on the part of Regan until subsequent to its purchase of defendant’s note. After reviewing the evidence we are of the opinion that the trial judge committed no manifest error in its finding.
It is well established under the jurisprudence of this state that a party’s status as a holder in due course is to be determined as of the time of the negotiation of the instrument and that subsequent knowledge of infirmities and defects does not affect this status once attained. Tyler v. Whitney Central Trust and Savings Bank, 157 La. 249, 102 So. 325; Hillard v. Taylor, 114 La. 883, 38 So. 594. Since plaintiff was not aware of Regan’s fraudulent practices until after it had acquired the note in question, it cannot be said that it failed to establish its status as a holder in due course. We therefore hold accordingly.
In a further attempt to establish that plaintiff is not a holder in due course, defendant argues that plaintiff failed to acquire both credit reports and financial statements covering Regan’s financial status; that this failure to investigate Regan’s credit constituted negligence on plaintiff’s part and estops it from holding itself out as a holder in due course. In support of this contention, we are referred to People’s Bank & Trust Co. v. Louisiana State Rice Milling Co., 10 La.App. 401, 119 So. 779, and Louisiana State Insurance Company v. Louisiana State Bank, 3 Martin (N.S.) 610.
*643 In neither of these cases do the courts indicate that a bank or anyone else, for that matter, must investigate the credit of one from whom it purchases negotiable paper. It may well be that prudent business practices would dictate the utilization of such investigations, but we fail to find such a duty pronounced by the jurisprudence of this state. See LSA-R.S. 7:56; Metairie Sav. Bank & Trust Co. v. Harris Finance Corp., La.App., 59 So.2d 146; 8 Am.Jur., Bills and Notes, Sec. 388.
In conclusion, we find that plaintiff has by a preponderance of the evidence proven that it acquired the note sued upon in good faith and without any knowledge of the failure of consideration which defendant relies on by way of a defense. We further find that plaintiff’s knowledge of Regan’s other fraudulent practices was not acquired prior to its acquisition of defendant’s note. Under these facts and the law of this state, we are therefore of the opinion that plaintiff was holder in due course of defendant’s note.
For the reasons assigned herein, the judgment of the lower court is affirmed; defendant to pay all costs of this appeal.
Affirmed.