SAVOY, Judge.
This is a suit on promissory note instituted by plaintiff against defendants. For a cause of action plaintiff alleged that it is the holder in due course for valuable consideration of a promissory note executed by defendants in favor of Figuretone of Lafayette in the principal sum of $559.20 dated November 29, 1966.
To this suit defendants filed an answer stating that plaintiff was not a holder in due course, and that it actually directed the transaction between Figuretone of Lafayette and defendants for the purchase of one certain Figuretone machine which was defective.
After a trial on the merits the district court held that plaintiff was a holder in *257 due course and rendered judgment in favor of plaintiff as prayed for. The defendants have appealed.
The record reveals that the equipment in controversy was purchased on November 29, 1966, by defendants from Figuretone of Lafayette, owned and operated by Charles J. Snow, Sr. On the date of the sale defendants made a down payment and signed the note in question. On the same day the note was purchased by plaintiff for valuable consideration.
Mrs. Guillotte, one of the defendants, testified that the equipment was purchased from Snow with the understanding that she would have a ten day trial period. She also testified that within the ten day trial period the equipment proved unsatisfactory; that she tried to contact Mr. Snow, but his office was closed. She then contacted plaintiff’s manager, Mr. Payne, and complained that the equipment was not satisfactory. Mr. Payne was successful in obtaining a replacement for the original equipment from Mr. Snow, and an exchange was made on March 22, 1967. Mrs. Guil-lotte testified that this equipment was likewise defective; that after making three payments on said note, defendants refused to pay the balance owing on said indebtedness. This suit followed.
The principal defense to this suit is that one of the agents of plaintiff was present when the note and chattel mortgage was executed, and that plaintiff had knowledge of the defects in the equipment at the time it purchased the note. The trial judge found otherwise, and we agree with his holding.
The evidence reflects it was more than ten days after the sale to the defendants that the equipment failed to function so there could not have been any notice of any defects in the machine on the part of plaintiff at the time it purchased the note.
It is well established under the jurisprudence of this State that a party’s status as a holder in due course is to be determined as of the time of the negotiation of the instrument, and that subsequent knowledge of infirmities and defects does not affect this status once attained. First National Bank of Lafayette v. Romero, 150 So.2d 640 (La.App. 3 Cir. 1963), and cases cited therein.
Counsel for defendants contends that plaintiff failed to maintain the burden of proof that it had no knowledge of the lack of consideration for the note, and that it had no knowledge of any infirmities therein, citing the case of Commercial National Bank in Shreveport v. Calk, 207 So.2d 578 (La.App. 3 Cir. 1968). This case merely holds that when the maker of a negotiable instrument has proved lack of consideration therefor, the burden then shifts to the holder to prove that at the time it acquired the instrument it had no notice of the infirmity. We have no quarrel with this case; however, the trial court in the instant case found that plaintiff had no knowledge of the defects in the equipment, and accordingly, was a holder in due course.
Counsel for defendant contends further that since plaintiff had as much knowledge about the defects in the equipment purchased as did the original vendor, it cannot be a holder in due course, citing as authority for his position International Harvester Co. v. Carruth, 23 So.2d 473 (La.App. 1 Cir. 1945).
The trial court has found to the contrary ; therefore, the above case is not applicable to the case at bar.
For the reasons assigned the judgment of the district court is affirmed at defendants’ costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.